**TEXAS DEPARTMENT OF INSURANCE, Petitioner,**

v.

**RECONVEYANCE SERVICES, INC., Respondent.**

No. 07–0786.

Supreme Court of Texas.

March 12, 2010.

General Greg W. Abbott, Attorney General of Texas, Austin, TX, Kent C. Sullivan, Austin, TX, David S. Morales, Lesli Gattis Ginn, Office of the Attorney General of Texas, Austin, TX, Rafael Edward Cruz, Morgan Lewis Bockius LLP, Houston, TX, Kristofer S. Monson, Assistant Solicitor General, Austin, TX, James C. Ho, Solicitor General of Texas, Austin, TX, Clarence Andrew Weber, First Assistant Attorney General, Austin, TX, for Petitioner.

Peter Nolan, Melissa Prentice Lorber, Winstead PC, Austin, TX, Judy Caton, Reconveyance Services Inc., Monroe, WA, for Respondent.

Ron Beal, Professor & Attorney at Law, for Amicus Curiae Ron Beal.

PER CURIAM.

Reconveyance Services, Inc., sued the Texas Department of Insurance for a declaration that charging additional fees for the services Reconveyance wished to provide in Texas is not prohibited by the Texas Insurance Code. Because we conclude that Reconveyance has pleaded an *ultra vires* action, in light of our decision in *City of El Paso v. Heinrich,* 284 S.W.3d 366 (Tex.2009), we reverse the court of appeals' judgment and render judgment dismissing Reconveyance's suit for lack of subject-matter jurisdiction.

According to its pleadings before the courts below,[1] Reconveyance is a Washington state corporation that provides what it describes as "post-closing mortgage release services" in several states other than Texas. When a buyer purchases a residential property, the lender's lien on the property often is not released by the seller's lender until some time after closing, securing the lender in the event the transaction does not close. Sometimes lenders neglect to file a release of the original seller's mortgage, and that preexisting lien could interfere with the buyer's later attempts to sell the home or refinance. For a fee, Reconveyance would undertake to obtain a release of that prior existing mortgage at the time the buyer initially purchases the home to ensure subsequent marketability of the buyer's title. To market its services to the widest number of Texas consumers, Reconveyance desired to have its services listed by Texas title agents as an optional, paid service available to buyers. Prior to doing so, however, a Reconveyance employee initiated communications with Department employees to determine how the Department would classify Reconveyance's proposed business model.

By way of the Texas Title Insurance Act, the Texas title insurance industry is to be "completely regulate[d]" by the Department. TEX. INS. CODE § 2501.002. By law, the Texas Commissioner of Insurance caps the premiums charged by title agents for three categories of services: title insurance, title examinations, and "closing the transaction." *See id.* § 2501.003(8) (defining premium); *id.* § 2501.006 (defining "closing the transaction"); *id.* § 2703.151

---

1. Reconveyance has filed neither response nor brief in this Court.

(directing the commissioner to fix and promulgate premium rates). A Department employee's response to Reconveyance's inquiry noted that he understood prior lien release services such as those proposed by Reconveyance to be among the costs to be borne by title agents.[2] The Department employee's response noted that the Department had initiated disciplinary action against at least one title agent for charging a fee for services similar to Reconveyance's. Title agents refused to list Reconveyance's service as an optional service to home buyers without Department approval, limiting Reconveyance's potential customer base.

Reconveyance sued the Department under the Uniform Declaratory Judgments Act, see TEX. CIV. PRAC. & REM.CODE §§ 37.001–37.011, for a judicial declaration that Reconveyance's mortgage release services are not a part of closing the transaction and that these services may be offered for a fee by title companies or agents in Texas. Reconveyance alleged that the Department acted beyond its statutory authority in attempting to prohibit Reconveyance from offering its services through title agencies. The Department filed a plea to the jurisdiction in the trial court. The trial court denied the plea and the Department took an interlocutory appeal. See TEX. CIV. PRAC. & REM.CODE § 51.014(a)(8) (permitting interlocutory appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit"). The court of appeals affirmed the trial court's judgment. 240 S.W.3d 418 (Tex.App.-Austin 2007). The court of appeals held that the trial court had jurisdiction because Reconveyance's pleadings sufficiently alleged an *ultra vires* action; i.e., the pleadings alleged that the Department

had acted beyond its statutory authority, or *ultra vires*, in purporting to prohibit title companies and agents from charging a separate fee for Reconveyance's services. *Id.* at 430, 439. The Department petitioned this Court for review.

In *Heinrich*, decided after the court of appeals issued its opinion in this case, we confirmed that "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money." *Heinrich*, 284 S.W.3d at 372. However, "[t]o fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* We held that "as a technical matter, the governmental entities themselves—as opposed to their officers in their official capacity—remain immune from suit" on such claims. *Id.* at 372–73. This rule "derives from the premise that the 'acts of officials which are not lawfully authorized are not acts of the State.'" *Id.* at 373 (quoting *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945)). We concluded that suits complaining of *ultra vires* action may not be brought against a governmental unit possessed of sovereign immunity, but must be brought against the allegedly responsible government actor in his official capacity. *Id.*

Reconveyance's pleadings did not include the term "*ultra vires*," though it did urge the construction of its pleadings as such before the court of appeals. We agree that Reconveyance's allegations and requested declaration are, in substance,

---

2. It stands to reason that, because of the statutory cap on premiums for activities associated with closing the transaction, title agents whose fees were already at the statutory maximum could not legally charge an additional fee for Reconveyance's services.

*ultra vires* claims. Here Reconveyance sued only the Texas Department of Insurance rather than Department officials acting in their official capacities. Thus, under *Heinrich*, the Department retains its sovereign immunity in this case and Texas courts are without subject-matter jurisdiction to entertain Reconveyance's suit as pleaded. Accordingly, without hearing oral argument, we reverse the court of appeals' decision as to Reconveyance's declaratory judgment action and render judgment dismissing its suit. TEX.R.APP. P. 59.1, 60.2(c).