# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00253-CV

**Texas Department of Licensing and Regulation, Appellant**

**v.**

**Roosters MGC, LLC and Sylver Magnolia, LLC, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-09-000201, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The Texas Department of Licensing and Regulation appeals the trial court's denial of its plea to the jurisdiction. Appellees Roosters MGC, LLC and Sylver Magnolia, LLC sued the Department seeking a declaratory judgment (1) that Texas Occupations Code section 1601.002 does not prohibit a licensed cosmetologist from using a guarded safety blade (safety razor) to remove hair from a customer's neck or face, and (2) that the administrative code does not require a shop owner or manager to prohibit a cosmetologist from using a safety razor to remove hair from a customer's neck or face. *See* Tex. Occ. Code Ann. § 1601.002 (West Supp. 2009); 16 Tex. Admin. Code § 82.71 (2010). In the alternative, appellees asked the court to declare occupations code section 1601.002 unconstitutional. The Department contends that the judicial system lacks jurisdiction over this suit because the legislature granted the Department exclusive jurisdiction over

enforcement of the statutory definition of barbering. The Department argues further that appellees have failed to exhaust their administrative remedies, that they lack standing to seek these declarations, and that their claims are not ripe for judicial determination. The Department also contends that appellees have failed to state cognizable constitutional challenges and are not entitled to attorneys' fees. We affirm in part and reverse and dismiss for want of jurisdiction in part.

*Background*

When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989). Where a plea to the jurisdiction challenges the existence of facts alleged by the pleader to establish jurisdiction, the parties may introduce evidence and, to prevail on the plea, the defendant must meet the same burden as the movant in a traditional summary judgment motion. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004); *see Hendee v. Dewhurst*, 228 S.W.3d 354, 366-69 (Tex. App.—Austin 2007, pet. denied). In resolving the jurisdictional challenges presented by the plea, we may also consider evidence that the pleader has attached to its petition or submitted in opposition to the plea. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). The following description of the underlying facts is taken from pleadings and proof submitted in the trial court. This description is for purposes of this jurisdictional analysis only and is not binding on a fact-finder considering the merits of this case.

Roosters is a company that franchises men's grooming centers, but does not itself employ barbers or cosmetologists. The centers provide services including haircuts, beard trims, and

2

facial grooming. Provision of these services has entailed use of safety razors in two ways: (1) after a haircut, safety razors were used to remove hair from the back of customers' necks below the hairline, and (2) as part of the facial grooming service, safety razors were used to remove stubble. Appellees allege that removal of hair below the neckline after a haircut is a desired service and that facial grooming is an essential and distinguishing service of Roosters centers.

Sylver Magnolia is a franchisee of Roosters owned by Robert and Araceli Godines. Appellees allege that Sylver Magnolia owns four Roosters centers. The Department produced applications for licenses for the centers as beauty salons and barber shops that list the Godineses as owners of three of those four centers. Appellees contend that these three applications were actually made by Sylver Magnolia, as evidenced by the description on the application of the "organization type" as a limited liability company—a description consistent with Sylver Magnolia's ownership structure and inconsistent with ownership of the centers by the Godineses as individuals.

Appellees allege that cosmetologists provided the services described above at the Roosters centers without incident from 2004 until 2008, when a Department inspector informed the Godineses that a cosmetologist's use of a safety razor to shave a customer's face violated state law and rules controlling what services can be provided exclusively by barbers, as well as those requiring shopowners to ensure that only licensed individuals provide services for which that license is required. The Department assessed an administrative penalty against the Godineses as managers of the shop, and the Godineses requested an administrative hearing. Subsequently, a Department inspector declared that the presence of a safety razor in a cosmetologist's drawer at another Roosters center owned by either Sylver Magnolia or the Godineses directly was a violation and would have resulted in a $6,000 fine had the cosmetologist been present.

Appellees allege without contradiction that these actions by the Department have dissuaded cosmetologists at Roosters centers from providing the services for which they had used safety razors. This has reduced the incomes of stylists and, because most of the employees at Roosters centers are cosmetologists, the income of Sylver Magnolia. Franchise owners have informed Roosters that, although they would like to purchase more franchises and open more centers, this interpretation and enforcement of the law and rules persuade them not to do so. The franchise owners have told Roosters that they will not purchase franchises so long as the Department prevents cosmetologists from using safety razors to shave men's faces as an element of the facial grooming service. Sylver Magnolia and other Roosters' franchisees are unable to provide the neck shaving service using a safety razor because they and their cosmetologists risk penalty or loss of license.

Appellees filed this suit against the Department and its executive director William Kuntz, Jr. seeking declarations of their rights under the statute and the rule. The Department and Kuntz filed a joint plea to the jurisdiction along with their answer, referring to themselves as a single defendant because the action against Kuntz was only another way of pleading an action against the Department. The court order denying the plea to the jurisdiction expressly denies the Department's motion, but does not mention Kuntz's motion. Only the Department filed a notice of appeal.

The Department contends that the judicial system lacks jurisdiction over this suit for several reasons. The Department asserts that it has exclusive jurisdiction over enforcement of the statutory definition of barbering, and that appellees have failed to exhaust their administrative remedies. The Department also argues that appellees lack standing to seek these declarations and

4

that their claims are not ripe for judicial determination. The Department also contends that appellees have failed to state cognizable constitutional challenges and are not entitled to attorneys' fees.

*Analysis*

An assertion that sovereign immunity from suit deprives a trial court of subject-matter jurisdiction may be raised through a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225-26. The pleader has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See id.* at 226 (citing *Texas Ass'n of Bus.*, 852 S.W.2d at 446). Whether the pleader has met this burden is a question of law that we review de novo. *Id.*

In deciding a plea to the jurisdiction, a court may not weigh the claims' merits beyond the extent necessary to determine jurisdiction, but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.2d at 226-27. On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227.

Appellees request that the trial court declare that occupations code section 1601.002 does not prohibit a licensed cosmetologist from using a safety razor to remove hair from a customer's neck or face. *See* Tex. Occ. Code Ann. § 1601.002. After this case was argued, the Texas Supreme Court decided that, when parties file petitions seeking declarations regarding the

5

proper interpretation of a statute and urging that the statute is being enforced improperly, the state agency or political subdivision is immune from suit. *Texas Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258 (Tex. 2010).

In *Reconveyance*, the plaintiff sought to provide, for a fee, "post-closing mortgage release services" to residential real estate buyers. *Id.* at 257. The Texas Department of Insurance ("TDI") caps premiums charged by title agents on services used in closing a residential real estate transaction. *Id.* TDI determined that Reconveyance's services were a type of service that must be provided at the title agent's expense rather than paid for by the buyer. *Id.* at 258. After TDI initiated a disciplinary action against a title agent for charging a fee for a service like Reconveyance sought to offer, title agents refused to list Reconveyance's service as an option to buyers, thereby limiting Reconveyance's potential customer base. *Id.* Reconveyance sued TDI, seeking a declaration that Reconveyance's services are not subject to the premium cap on costs of closing a transaction under the insurance code and can be offered for a fee by title agents. *Id.* Reconveyance alleged that TDI acted beyond its statutory authority in opining that companies such as Reconveyance could not offer such services through title agencies. *Id.* Although Reconveyance did not use the words "ultra vires," the Texas Supreme Court deemed its suit an ultra vires action. *Id.* The supreme court determined that, because the State's powers are limited to those powers granted by the citizenry, a claim alleging ultra vires conduct cannot be an act of the State or its political subdivision, but must instead be alleging an act by a rogue state official. *Id.* The supreme court relied on its opinion in *Heinrich*, in which it held as follows: "[T]hese suits cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity. This is true

6

even though the suit [against state actors in their official capacity] is, for all practical purposes, against the state." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009) (footnote omitted).

In this case, appellees similarly seek a declaration that a state agency has interpreted a statute to apply to services that appellees contend are outside the scope of the statute. Although the Department argued that appellees' claims were not ultra vires claims, the allegations in *Reconveyance* are strikingly similar to those made here. Governed by the supreme court's opinions in *Reconveyance* and *Heinrich*, we conclude that appellees' claims are ultra vires claims and, therefore, that the Department is immune from appellees' request for a declaration regarding the meaning and application of the statute.[1]

The Department's immunity is waived, however, for appellees' challenge to the validity and applicability of 16 Texas Administrative Code section 82.71. The separation of government powers mandated in the state constitution forbids a court to review the actions of an administrative agency unless the legislature has, in a proper statute, authorized a cause of action for that purpose or the plaintiff complains the agency action is ultra vires or unconstitutional in its effect upon the plaintiff or his property. *Texas Comm'n of Licensing and Regulation v. Model Search America, Inc.*, 953 S.W.2d 289, 291 (Tex. App.—Austin 1997, no writ). Appellees seek a declaration that section 82.71 does not apply in a way that requires a shop owner or manager to

---

[1] This determination does not affect appellees' request for a declaration regarding the meaning and application of the statute in its suit against Kuntz, the executive director. That request is not before us on appeal as it appears that the trial court did not rule on Kuntz's plea to the jurisdiction, and Kuntz did not file a notice of appeal.

prohibit a cosmetologist from using a safety razor to remove hair from a customer's neck or face.[2]

This is not a direct review of an agency action, but a request for a declaration regarding the meaning and applicability of a rule. The government code requires that a state agency be made a party to an action seeking a declaratory judgment concerning the validity or applicability of a rule. Tex. Gov't Code Ann. § 2001.038(a), (c) (West 2008). The legislature's requirement that an agency be made a party to the declaratory judgment action waives immunity from suit.[3] *See Heinrich*, 284 S.W.3d at 373 n.6.

The Department contends that appellees have failed "to specifically allege constitutional claims over which the trial court can exercise jurisdiction." The Department contends that (1) appellees' overbreadth and vagueness arguments fail to allege unconstitutional infringements on speech, (2) their equal protection claims fail to allege fundamental rights jeopardized or suspect classes subject to dissimilar treatment, (3) their due process claims fail to identify deprivation of a protected property or liberty interest done without due process, and (4) their claims of

---

[2] The regulation provides in part as follows:

> The owner of a barbershop or specialty shop and the shop manager in whose name the shop permit is jointly issued, if different from the owner, shall both be responsible individually and jointly for ensuring that all persons who work in a shop are properly licensed at all times. Individuals who do not hold a current license and/or permit required by the department shall not be allowed to engage in barbering. Shop owners and shop managers commit an offense in violation of department rules if an individual with an expired license or permit or no license or no permit engages in barbering in a shop.

16 Tex. Admin. Code § 82.71(a) (2010).

[3] The nature of the review of the regulation that can be conducted in light of the Department's immunity from suit regarding enforcement of occupations code section 1601.102 is beyond the scope of the issues raised by the parties and of this opinion.

impermissible monopoly fail to specify how the Department has violated the constitution. The Department argues that, by failing to allege meritorious challenges, appellees have failed to demonstrate jurisdiction. At most, however, the Department's plea points out pleading inadequacies that threaten the merits of appellees' claims. The Department does not dispute that the trial court has jurisdiction to consider whether a rule is unconstitutionally overbroad or vague, violates equal protection or due process guarantees, or creates an unconstitutional monopoly. Appellees have *alleged* sufficient facts to raise constitutional claims. The Department has not disputed the jurisdictional facts alleged by demonstrating any key jurisdictional fact to be false or conclusively determined in the Department's favor. Nor has the Department established that appellees' pleadings "affirmatively negate the existence of jurisdiction" over their claims. *See Miranda*, 133 S.W.3d at 227. For example, the Department has not demonstrated that the property interest allegedly at issue is not a constitutionally protected property interest for the purpose of a due process claim. *See Combs v. City of Webster*, No. 03-08-00291-CV, 2009 Tex. App. LEXIS 7746 (Tex. App.—Austin Oct. 2, 2009, pet. filed). Here the Department challenges the basic merits of the constitutional claims and the specificity of the appellees' pleadings. The Department's primary complaint with respect to the constitutional claims is not that the appellees fail to state claims, but that the appellees' claims are not sufficiently specific. Although these issues can be raised again by special exception or motion for summary judgment, they do not show lack of jurisdiction over the claims or error by the trial court in denying the plea to the jurisdiction.

The Department also contends that Roosters and Sylver Magnolia lack standing to pursue their claims for declaratory judgment and that their claims are not ripe. Ripeness and standing are related doctrines of justiciability, threshold questions that implicate subject-matter

9

jurisdiction and emphasize the necessity of a concrete injury for a justiciable claim to be presented. *Texas Court Reporters Certification Bd. v. Esquire Deposition Servs., L.L.C.*, 240 S.W.3d 79, 92 (Tex. App.—Austin 2007, no pet.) (citing *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000)).

The general test for standing in Texas requires that there be a real controversy between the parties that will be actually determined by the judicial declaration sought. *Texas Ass'n of Bus.*, 852 S.W.2d at 446. The APA permits the validity or applicability of a rule to be determined in a declaratory judgment action "if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." Tex. Gov't Code Ann. § 2001.038(a). Appellees allege that the Department's enforcement of the rule against the Godineses has caused cosmetologists to refuse to provide popular and desired services to Roosters customers. Sylver Magnolia alleges that it has lost substantial income as a result. Roosters alleges that it has lost sales of franchises to existing franchisees as a result. These allegations distinguish this case from cases in which the losses alleged were deemed too hypothetical to confer standing. *See, e.g.*, *Brinkley v. Texas Lottery Comm'n*, 986 S.W.2d 764, 768 (Tex. App.—Austin 1999, no pet.). Sylver Magnolia has not alleged a direct loss by having a penalty assessed, and Roosters cannot suffer a direct loss through penalty because it is not regulated by the Department. As alleged, however, the causal link between the Department's action and appellees' losses is not conjectural or hypothetical. Both Sylver Magnolia and Roosters are closely related to the Godineses—Sylver Magnolia is owned by them and Roosters has sold franchises to them (either directly or indirectly through Sylver Magnolia). It is the effect of the application of the rule on appellees, not their ties to the Godineses, that provides standing. Appellees allege that

10

the Department's interpretation and enforcement of the rule at issue have inhibited cosmetologists from providing services and thereby cost appellees business and money. A declaration of the meaning and application of the rule could resolve whether Sylver Magnolia and its managers as well as cosmetologists employed by Roosters's franchisees must comply with the challenged application of the rule. We conclude that, as alleged, the effects of the Department's actions confer standing on appellees.

Similarly, appellees' claims are ripe. A case is ripe when its resolution does not depend on contingent or hypothetical facts or upon events that have not yet come to pass. *Gibson*, 22 S.W.3d at 852. Appellees alleged that they have lost money because of the Department's actions through services not provided and franchises not purchased. These are allegations of incurred, not potential, losses—although greater potential losses are also implied. As alleged below, the facts are not in dispute: a cosmetologist providing a service offered by Roosters franchisees used a safety razor to shave the face of a client, the Department deemed this a violation, and the resultant chilling effect on cosmetologists providing services involving the use of safety razors below the line of demarcation has caused appellees to suffer financial losses. Although the particular enforcement action may have prompted the filing of this lawsuit, the precise details of that event are not critical to this lawsuit. Appellees want a declaration that section 82.71 does not require a shop owner or manager to prohibit a cosmetologist from using a safety razor to remove hair from a customer's neck or face. Contrary to the Department's assertion, the trial court can make or decline to make that general declaration without knowing whether the person whose actions prompted the administrative proceeding against the Godineses was a cosmetologist, how she cut the customer's beard, and whether she followed the line of demarcation between beard and hair.

11

The Department also argues that the legislature has created a pervasive regulatory scheme conferring exclusive jurisdiction on the Department with respect to initial determinations of what constitutes the practices of barbering and cosmetology, citing *Esquire*, 240 S.W.3d at 89-90, and *In re Entergy Corp.*, 142 S.W.3d 316, 321-22 (Tex. 2004). The Department also asserts that the judicial system lacks jurisdiction over these claims because appellees have failed to exhaust their administrative remedies.

The Department has not demonstrated, however, that the nature of the regulatory scheme and its exhaustion requirements bar or preempt the claims brought here by these parties—particularly Roosters. When challenging Roosters's standing in its brief, the Department flatly states that Roosters "is not regulated by the Department." It is not clear what administrative process of the Department is available to Roosters, much less what process remains unexhausted as a bar to this declaratory judgment action. Sylver Magnolia is regulated by the Department, but there is no allegation that it is currently subject to a penalty or other administrative process with respect to the rule at issue, its application or validity, or otherwise. These critical facts distinguish this case from *Entergy*, which concerned a dispute arising between parties firmly enmeshed in the pervasive regulatory scheme of the Public Utility Commission ("PUC"). *See* 142 S.W.3d at 321-22. In that case, the court held that disputes concerning a PUC-approved merger agreement arising between parties to the agreement are subject to initial review by the PUC. *See id.* In this case, there is no allegation that appellees' suit arises from a previous or ongoing administrative process involving appellees. Rather, the only indication is that there is no proceeding involving Sylver Magnolia and that Roosters is not subject to the Department's regulation and administrative

remedies. The exclusivity concerns and exhaustion requirements that controlled the result in *Entergy* do not apply here.

The legislature has decreed that parties may seek declarations regarding the meaning of rules. *See* Tex. Gov't Code Ann. § 2001.038. Courts have determined that parties subject to ongoing administrative processes may simultaneously seek such declarations—even when those administrative processes are under judicial review. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 100 S.W.3d 510, 517-20 (Tex. App.—Austin 2003, pet. denied). In *Municipal Power*, a utility agency sought a declaration regarding the Commission's general authority under a statute while the agency's challenge to a decision by the Commission applying that statute was under judicial review. *Id.* at 513-14. This Court held that, because the administrative proceeding under judicial review concerned a particular Commission decision while the declaratory judgment action concerned the Commission's general authority, the declaratory judgment action could continue. *Id.* at 519. Although *Municipal Power* addresses the declaratory judgment statute concerning statutes rather than the APA's statute concerning rules, we find its reasoning applicable. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2008), *with* Tex. Gov't Code Ann. § 2001.038. Here, appellees seek a declaration regarding the rule as it applies to any licensee, not simply to reverse the application of the rule to assess a penalty against the Godineses. The relief requested in this case is potentially broader than relief available in the Godineses' administrative proceeding and, therefore, is not precluded by the existence of that administrative proceeding. *See Municipal Power*, 100 S.W.3d at 519-20; *Esquire*, 240 S.W.3d at 91.[4] Equally critically, the declaratory judgment

---

[4] We note that the *Esquire* case was dismissed for lack of jurisdiction because the dispute was not ripe, not because of any exclusivity concerns or lack of exhaustion of administrative

action is brought by parties who are not currently alleged to have been assessed penalties or to be involved in administrative proceedings for violating the rule at issue (and, in the case of Roosters, not subject to regulation by the Department at all). We find no basis presented on which the general barbering regulatory structure or the specific administrative proceeding against the Godineses precludes appellees—corporate entities not charged with any violation by the Department yet allegedly suffering economic losses due to the Department's actions—from pursuing their suit for declaratory relief against the Department concerning the validity or applicability of the rule.[5]

Because appellees' surviving claims regarding the validity, applicability, and constitutionality of the rule will require further proceedings in the trial court, we will not consider whether attorneys' fees are available to appellees before the completion of this suit.

We conclude that the Department retains its immunity from suit regarding the meaning of Texas Occupations Code section 1601.002. The legislature has waived the Department's immunity from suit regarding the meaning of 16 Texas Administrative Code section 82.71. Based

---

remedies. *See Texas Court Reporters Certification Bd. v. Esquire Deposition Servs., L.L.C.*, 240 S.W.3d 79, 93-94 (Tex. App.—Austin 2007, no pet.).

[5] The Department argues that this suit was brought to improperly circumvent the administrative process, citing *Atmos Energy Corp. v. Abbott*, 127 S.W.3d 852, 859 n.4 (Tex. App.—Austin 2004, no pet.). This Court's observation in that case regarding improper circumvention was an aside in a footnote commenting on different facts and carrying no dispositive weight. In that case, Atmos brought suit for declaratory judgment in Travis County against the attorney general seeking a declaration that might dispose of litigation involving other litigants brought in a different county. *Id.* This Court affirmed the trial court's dismissal of the suit because it was not ripe. *Id.* at 860. This case is distinct from *Atmos* in many ways including the following: (1) in this case the plaintiffs are not party to the administrative proceeding unlike Atmos, which was party to both the Travis County suit and the suits in west Texas; (2) in this case the plaintiffs are alleging that the Department has injured them, unlike the attorney general who had no apparent role in the controversy alleged by Atmos; and (3) in this case we have a lawsuit and an administrative proceeding as opposed to lawsuits in different counties. *See id.* The footnote in *Atmos* does not control this appeal.

on the allegations and proof before us, appellees have standing, and their claims regarding the rule are ripe. The Department's complaints regarding the merits of appellees' constitutional claims do not show error in the trial court's denial of the plea to the jurisdiction. No part of this opinion should be taken as a comment on the veracity of the allegations made or on the merits of appellees' request for declaratory judgment in its suit against the Department or executive director Kuntz.

We reverse that part of the trial court's order denying the plea to the jurisdiction concerning appellees' request for a declaratory judgment regarding the meaning and application of Texas Occupations Code section 1601.002, finding that the Department is immune from suit under *Reconveyance* on such claims. Because the judicial system lacks jurisdiction over these claims as they are asserted against the Department, we dismiss the claims regarding the meaning and application of Texas Occupations Code section 1601.002. We affirm that part of the trial court's order denying the plea to the jurisdiction concerning appellees' request for a declaratory judgment regarding the meaning and application of 16 Texas Administrative Code section 82.71. The trial court may resume its consideration of appellees' claims regarding the validity, applicability, and constitutionality of section 82.71, as well as any award of attorneys' fees that is authorized and appropriate.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed in part; Reversed and Dismissed in part

Filed: June 10, 2010

15