TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00253-CV






Texas Department of Licensing and Regulation, Appellant


v.


Roosters MGC, LLC and Sylver Magnolia, LLC, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. D-1-GN-09-000201, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 The Texas Department of Licensing and Regulation appeals the trial court's denial
of its plea to the jurisdiction. Appellees Roosters MGC, LLC and Sylver Magnolia, LLC sued
the Department seeking a declaratory judgment (1) that Texas Occupations Code section 1601.002
does not prohibit a licensed cosmetologist from using a guarded safety blade (safety razor) to remove
hair from a customer's neck or face, and (2) that the administrative code does not require a shop
owner or manager to prohibit a cosmetologist from using a safety razor to remove hair from a
customer's neck or face. See Tex. Occ. Code Ann. § 1601.002 (West Supp. 2009); 16 Tex. Admin.
Code § 82.71 (2010). In the alternative, appellees asked the court to declare occupations code
section 1601.002 unconstitutional. The Department contends that the judicial system lacks
jurisdiction over this suit because the legislature granted the Department exclusive jurisdiction over
enforcement of the statutory definition of barbering. The Department argues further that appellees
have failed to exhaust their administrative remedies, that they lack standing to seek these
declarations, and that their claims are not ripe for judicial determination. The Department also
contends that appellees have failed to state cognizable constitutional challenges and are not entitled
to attorneys' fees. We affirm in part and reverse and dismiss for want of jurisdiction in part.

Background

 When we consider a trial court's order on a plea to the jurisdiction, we construe
the pleadings in the plaintiff's favor and look to the pleader's intent. See Texas Ass'n of Bus.
v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Peek v. Equipment Serv. Co.,
779 S.W.2d 802, 804 (Tex. 1989). Where a plea to the jurisdiction challenges the existence of facts
alleged by the pleader to establish jurisdiction, the parties may introduce evidence and, to prevail on
the plea, the defendant must meet the same burden as the movant in a traditional summary judgment
motion. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227-28 (Tex. 2004);
see Hendee v. Dewhurst, 228 S.W.3d 354, 366-69 (Tex. App.--Austin 2007, pet. denied). In
resolving the jurisdictional challenges presented by the plea, we may also consider evidence that the
pleader has attached to its petition or submitted in opposition to the plea. See Bland Indep. Sch. Dist.
v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). The following description of the underlying facts is taken
from pleadings and proof submitted in the trial court. This description is for purposes of this
jurisdictional analysis only and is not binding on a fact-finder considering the merits of this case.

 Roosters is a company that franchises men's grooming centers, but does not itself
employ barbers or cosmetologists. The centers provide services including haircuts, beard trims, and
facial grooming. Provision of these services has entailed use of safety razors in two ways: (1) after
a haircut, safety razors were used to remove hair from the back of customers' necks below the
hairline, and (2) as part of the facial grooming service, safety razors were used to remove stubble. 
Appellees allege that removal of hair below the neckline after a haircut is a desired service and that
facial grooming is an essential and distinguishing service of Roosters centers.

 Sylver Magnolia is a franchisee of Roosters owned by Robert and Araceli Godines.
Appellees allege that Sylver Magnolia owns four Roosters centers. The Department produced
applications for licenses for the centers as beauty salons and barber shops that list the Godineses as
owners of three of those four centers. Appellees contend that these three applications were actually
made by Sylver Magnolia, as evidenced by the description on the application of the "organization
type" as a limited liability company--a description consistent with Sylver Magnolia's ownership
structure and inconsistent with ownership of the centers by the Godineses as individuals.

 Appellees allege that cosmetologists provided the services described above at the
Roosters centers without incident from 2004 until 2008, when a Department inspector informed
the Godineses that a cosmetologist's use of a safety razor to shave a customer's face violated state
law and rules controlling what services can be provided exclusively by barbers, as well as those
requiring shopowners to ensure that only licensed individuals provide services for which that license
is required. The Department assessed an administrative penalty against the Godineses as managers
of the shop, and the Godineses requested an administrative hearing. Subsequently, a Department
inspector declared that the presence of a safety razor in a cosmetologist's drawer at another Roosters
center owned by either Sylver Magnolia or the Godineses directly was a violation and would have
resulted in a $6,000 fine had the cosmetologist been present.

 Appellees allege without contradiction that these actions by the Department have
dissuaded cosmetologists at Roosters centers from providing the services for which they had
used safety razors. This has reduced the incomes of stylists and, because most of the employees
at Roosters centers are cosmetologists, the income of Sylver Magnolia. Franchise owners have
informed Roosters that, although they would like to purchase more franchises and open more centers,
this interpretation and enforcement of the law and rules persuade them not to do so. The franchise
owners have told Roosters that they will not purchase franchises so long as the Department prevents
cosmetologists from using safety razors to shave men's faces as an element of the facial grooming
service. Sylver Magnolia and other Roosters' franchisees are unable to provide the neck shaving
service using a safety razor because they and their cosmetologists risk penalty or loss of license.

 Appellees filed this suit against the Department and its executive director
William Kuntz, Jr. seeking declarations of their rights under the statute and the rule. The
Department and Kuntz filed a joint plea to the jurisdiction along with their answer, referring to
themselves as a single defendant because the action against Kuntz was only another way of pleading
an action against the Department. The court order denying the plea to the jurisdiction expressly
denies the Department's motion, but does not mention Kuntz's motion. Only the Department filed
a notice of appeal.

 The Department contends that the judicial system lacks jurisdiction over this
suit for several reasons. The Department asserts that it has exclusive jurisdiction over enforcement
of the statutory definition of barbering, and that appellees have failed to exhaust their administrative
remedies. The Department also argues that appellees lack standing to seek these declarations and
that their claims are not ripe for judicial determination. The Department also contends that appellees
have failed to state cognizable constitutional challenges and are not entitled to attorneys' fees.

Analysis

 An assertion that sovereign immunity from suit deprives a trial court of subject-matter
jurisdiction may be raised through a plea to the jurisdiction. See Miranda, 133 S.W.3d at 225-26.
The pleader has the initial burden of alleging facts that affirmatively demonstrate the trial court's
jurisdiction to hear the cause. See id. at 226 (citing Texas Ass'n of Bus., 852 S.W.2d at 446).
Whether the pleader has met this burden is a question of law that we review de novo. Id.

 In deciding a plea to the jurisdiction, a court may not weigh the claims' merits
beyond the extent necessary to determine jurisdiction, but must consider only the plaintiffs'
pleadings and the evidence pertinent to the jurisdictional inquiry. County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002). When a plaintiff fails to plead facts that establish jurisdiction,
but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is
one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. Miranda,
133 S.W.2d at 226-27. On the other hand, if the pleadings affirmatively negate the existence of
jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an
opportunity to amend. Id. at 227.

 Appellees request that the trial court declare that occupations code section 1601.002
does not prohibit a licensed cosmetologist from using a safety razor to remove hair from a
customer's neck or face. See Tex. Occ. Code Ann. § 1601.002. After this case was argued, the
Texas Supreme Court decided that, when parties file petitions seeking declarations regarding the
proper interpretation of a statute and urging that the statute is being enforced improperly, the state
agency or political subdivision is immune from suit. Texas Dep't of Ins. v. Reconveyance Servs.,
Inc., 306 S.W.3d 256, 258 (Tex. 2010).

 In Reconveyance, the plaintiff sought to provide, for a fee, "post-closing mortgage
release services" to residential real estate buyers. Id. at 257. The Texas Department of Insurance
("TDI") caps premiums charged by title agents on services used in closing a residential real estate
transaction. Id. TDI determined that Reconveyance's services were a type of service that must be
provided at the title agent's expense rather than paid for by the buyer. Id. at 258. After TDI initiated
a disciplinary action against a title agent for charging a fee for a service like Reconveyance sought
to offer, title agents refused to list Reconveyance's service as an option to buyers, thereby limiting
Reconveyance's potential customer base. Id. Reconveyance sued TDI, seeking a declaration that
Reconveyance's services are not subject to the premium cap on costs of closing a transaction
under the insurance code and can be offered for a fee by title agents. Id. Reconveyance alleged that
TDI acted beyond its statutory authority in opining that companies such as Reconveyance could
not offer such services through title agencies. Id. Although Reconveyance did not use the words
"ultra vires," the Texas Supreme Court deemed its suit an ultra vires action. Id. The supreme court
determined that, because the State's powers are limited to those powers granted by the citizenry, a
claim alleging ultra vires conduct cannot be an act of the State or its political subdivision, but must
instead be alleging an act by a rogue state official. Id. The supreme court relied on its opinion in
Heinrich, in which it held as follows: "[T]hese suits cannot be brought against the state, which
retains immunity, but must be brought against the state actors in their official capacity. This is true
even though the suit [against state actors in their official capacity] is, for all practical purposes,
against the state." City of El Paso v. Heinrich, 284 S.W.3d 366, 373 (Tex. 2009) (footnote omitted).

 In this case, appellees similarly seek a declaration that a state agency has interpreted a
statute to apply to services that appellees contend are outside the scope of the statute. Although
the Department argued that appellees' claims were not ultra vires claims, the allegations in
Reconveyance are strikingly similar to those made here. Governed by the supreme court's opinions
in Reconveyance and Heinrich, we conclude that appellees' claims are ultra vires claims and,
therefore, that the Department is immune from appellees' request for a declaration regarding the
meaning and application of the statute. (1)

 The Department's immunity is waived, however, for appellees' challenge to
the validity and applicability of 16 Texas Administrative Code section 82.71. The separation of
government powers mandated in the state constitution forbids a court to review the actions of
an administrative agency unless the legislature has, in a proper statute, authorized a cause of action
for that purpose or the plaintiff complains the agency action is ultra vires or unconstitutional in
its effect upon the plaintiff or his property. Texas Comm'n of Licensing and Regulation v. Model
Search America, Inc., 953 S.W.2d 289, 291 (Tex. App.--Austin 1997, no writ). Appellees seek a
declaration that section 82.71 does not apply in a way that requires a shop owner or manager to
prohibit a cosmetologist from using a safety razor to remove hair from a customer's neck or face. (2)
This is not a direct review of an agency action, but a request for a declaration regarding the
meaning and applicability of a rule. The government code requires that a state agency be made a
party to an action seeking a declaratory judgment concerning the validity or applicability of a rule. 
Tex. Gov't Code Ann. § 2001.038(a), (c) (West 2008). The legislature's requirement that an
agency be made a party to the declaratory judgment action waives immunity from suit. (3) See
Heinrich, 284 S.W.3d at 373 n.6.

 The Department contends that appellees have failed "to specifically allege
constitutional claims over which the trial court can exercise jurisdiction." The Department contends
that (1) appellees' overbreadth and vagueness arguments fail to allege unconstitutional infringements
on speech, (2) their equal protection claims fail to allege fundamental rights jeopardized or suspect
classes subject to dissimilar treatment, (3) their due process claims fail to identify deprivation
of a protected property or liberty interest done without due process, and (4) their claims of
impermissible monopoly fail to specify how the Department has violated the constitution. The
Department argues that, by failing to allege meritorious challenges, appellees have failed to
demonstrate jurisdiction. At most, however, the Department's plea points out pleading inadequacies
that threaten the merits of appellees' claims. The Department does not dispute that the trial court
has jurisdiction to consider whether a rule is unconstitutionally overbroad or vague, violates
equal protection or due process guarantees, or creates an unconstitutional monopoly. Appellees
have alleged sufficient facts to raise constitutional claims. The Department has not disputed the
jurisdictional facts alleged by demonstrating any key jurisdictional fact to be false or conclusively
determined in the Department's favor. Nor has the Department established that appellees' pleadings
"affirmatively negate the existence of jurisdiction" over their claims. See Miranda, 133 S.W.3d
at 227. For example, the Department has not demonstrated that the property interest allegedly at
issue is not a constitutionally protected property interest for the purpose of a due process claim. See
Combs v. City of Webster, No. 03-08-00291-CV, 2009 Tex. App. LEXIS 7746 (Tex. App.--Austin
Oct. 2, 2009, pet. filed). Here the Department challenges the basic merits of the constitutional claims
and the specificity of the appellees' pleadings. The Department's primary complaint with respect
to the constitutional claims is not that the appellees fail to state claims, but that the appellees' claims
are not sufficiently specific. Although these issues can be raised again by special exception or
motion for summary judgment, they do not show lack of jurisdiction over the claims or error by the
trial court in denying the plea to the jurisdiction.

 The Department also contends that Roosters and Sylver Magnolia lack standing
to pursue their claims for declaratory judgment and that their claims are not ripe. Ripeness and
standing are related doctrines of justiciability, threshold questions that implicate subject-matter
jurisdiction and emphasize the necessity of a concrete injury for a justiciable claim to be presented.
Texas Court Reporters Certification Bd. v. Esquire Deposition Servs., L.L.C., 240 S.W.3d 79,
92 (Tex. App.--Austin 2007, no pet.) (citing Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849,
851 (Tex. 2000)).

 The general test for standing in Texas requires that there be a real controversy
between the parties that will be actually determined by the judicial declaration sought. Texas Ass'n
of Bus., 852 S.W.2d at 446. The APA permits the validity or applicability of a rule to be determined
in a declaratory judgment action "if it is alleged that the rule or its threatened application interferes
with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff."
Tex. Gov't Code Ann. § 2001.038(a). Appellees allege that the Department's enforcement of the
rule against the Godineses has caused cosmetologists to refuse to provide popular and desired
services to Roosters customers. Sylver Magnolia alleges that it has lost substantial income as a
result. Roosters alleges that it has lost sales of franchises to existing franchisees as a result. These
allegations distinguish this case from cases in which the losses alleged were deemed too
hypothetical to confer standing. See, e.g., Brinkley v. Texas Lottery Comm'n, 986 S.W.2d 764, 768
(Tex. App.--Austin 1999, no pet.). Sylver Magnolia has not alleged a direct loss by having a penalty
assessed, and Roosters cannot suffer a direct loss through penalty because it is not regulated by
the Department. As alleged, however, the causal link between the Department's action and
appellees' losses is not conjectural or hypothetical. Both Sylver Magnolia and Roosters are closely
related to the Godineses--Sylver Magnolia is owned by them and Roosters has sold franchises
to them (either directly or indirectly through Sylver Magnolia). It is the effect of the application
of the rule on appellees, not their ties to the Godineses, that provides standing. Appellees allege that
the Department's interpretation and enforcement of the rule at issue have inhibited cosmetologists
from providing services and thereby cost appellees business and money. A declaration of the
meaning and application of the rule could resolve whether Sylver Magnolia and its managers as
well as cosmetologists employed by Roosters's franchisees must comply with the challenged
application of the rule. We conclude that, as alleged, the effects of the Department's actions confer
standing on appellees.

 Similarly, appellees' claims are ripe. A case is ripe when its resolution does not
depend on contingent or hypothetical facts or upon events that have not yet come to pass. Gibson,
22 S.W.3d at 852. Appellees alleged that they have lost money because of the Department's
actions through services not provided and franchises not purchased. These are allegations of
incurred, not potential, losses--although greater potential losses are also implied. As alleged below,
the facts are not in dispute: a cosmetologist providing a service offered by Roosters franchisees
used a safety razor to shave the face of a client, the Department deemed this a violation, and the
resultant chilling effect on cosmetologists providing services involving the use of safety razors below
the line of demarcation has caused appellees to suffer financial losses. Although the particular
enforcement action may have prompted the filing of this lawsuit, the precise details of that event
are not critical to this lawsuit. Appellees want a declaration that section 82.71 does not require a
shop owner or manager to prohibit a cosmetologist from using a safety razor to remove hair from
a customer's neck or face. Contrary to the Department's assertion, the trial court can make or
decline to make that general declaration without knowing whether the person whose actions
prompted the administrative proceeding against the Godineses was a cosmetologist, how she cut the
customer's beard, and whether she followed the line of demarcation between beard and hair.

 The Department also argues that the legislature has created a pervasive regulatory
scheme conferring exclusive jurisdiction on the Department with respect to initial determinations
of what constitutes the practices of barbering and cosmetology, citing Esquire, 240 S.W.3d at 89-90,
and In re Entergy Corp., 142 S.W.3d 316, 321-22 (Tex. 2004). The Department also asserts that the
judicial system lacks jurisdiction over these claims because appellees have failed to exhaust their
administrative remedies.

 The Department has not demonstrated, however, that the nature of the
regulatory scheme and its exhaustion requirements bar or preempt the claims brought here by these
parties--particularly Roosters. When challenging Roosters's standing in its brief, the Department
flatly states that Roosters "is not regulated by the Department." It is not clear what administrative
process of the Department is available to Roosters, much less what process remains unexhausted as
a bar to this declaratory judgment action. Sylver Magnolia is regulated by the Department, but there
is no allegation that it is currently subject to a penalty or other administrative process with respect
to the rule at issue, its application or validity, or otherwise. These critical facts distinguish this
case from Entergy, which concerned a dispute arising between parties firmly enmeshed in the
pervasive regulatory scheme of the Public Utility Commission ("PUC"). See 142 S.W.3d at 321-22. 
In that case, the court held that disputes concerning a PUC-approved merger agreement arising
between parties to the agreement are subject to initial review by the PUC. See id. In this case,
there is no allegation that appellees' suit arises from a previous or ongoing administrative
process involving appellees. Rather, the only indication is that there is no proceeding involving
Sylver Magnolia and that Roosters is not subject to the Department's regulation and administrative
remedies. The exclusivity concerns and exhaustion requirements that controlled the result in Entergy
do not apply here.

 The legislature has decreed that parties may seek declarations regarding the meaning
of rules. See Tex. Gov't Code Ann. § 2001.038. Courts have determined that parties subject to
ongoing administrative processes may simultaneously seek such declarations--even when those
administrative processes are under judicial review. See Texas Mun. Power Agency v. Public Util.
Comm'n, 100 S.W.3d 510, 517-20 (Tex. App.--Austin 2003, pet. denied). In Municipal Power,
a utility agency sought a declaration regarding the Commission's general authority under a statute
while the agency's challenge to a decision by the Commission applying that statute was under
judicial review. Id. at 513-14. This Court held that, because the administrative proceeding under
judicial review concerned a particular Commission decision while the declaratory judgment action
concerned the Commission's general authority, the declaratory judgment action could continue. Id.
at 519. Although Municipal Power addresses the declaratory judgment statute concerning statutes
rather than the APA's statute concerning rules, we find its reasoning applicable. Compare Tex. Civ.
Prac. & Rem. Code Ann. § 37.004 (West 2008), with Tex. Gov't Code Ann. § 2001.038. Here,
appellees seek a declaration regarding the rule as it applies to any licensee, not simply to reverse
the application of the rule to assess a penalty against the Godineses. The relief requested in this case
is potentially broader than relief available in the Godineses' administrative proceeding and,
therefore, is not precluded by the existence of that administrative proceeding. See Municipal Power,
100 S.W.3d at 519-20; Esquire, 240 S.W.3d at 91. (4) Equally critically, the declaratory judgment
action is brought by parties who are not currently alleged to have been assessed penalties or to be
involved in administrative proceedings for violating the rule at issue (and, in the case of Roosters,
not subject to regulation by the Department at all). We find no basis presented on which the general
barbering regulatory structure or the specific administrative proceeding against the Godineses
precludes appellees--corporate entities not charged with any violation by the Department yet
allegedly suffering economic losses due to the Department's actions--from pursuing their suit for
declaratory relief against the Department concerning the validity or applicability of the rule. (5)

 Because appellees' surviving claims regarding the validity, applicability, and
constitutionality of the rule will require further proceedings in the trial court, we will not consider
whether attorneys' fees are available to appellees before the completion of this suit.

 We conclude that the Department retains its immunity from suit regarding the
meaning of Texas Occupations Code section 1601.002. The legislature has waived the Department's
immunity from suit regarding the meaning of 16 Texas Administrative Code section 82.71. Based
on the allegations and proof before us, appellees have standing, and their claims regarding the rule
are ripe. The Department's complaints regarding the merits of appellees' constitutional claims do
not show error in the trial court's denial of the plea to the jurisdiction. No part of this opinion should
be taken as a comment on the veracity of the allegations made or on the merits of appellees' request
for declaratory judgment in its suit against the Department or executive director Kuntz.

 We reverse that part of the trial court's order denying the plea to the jurisdiction
concerning appellees' request for a declaratory judgment regarding the meaning and application
of Texas Occupations Code section 1601.002, finding that the Department is immune from suit
under Reconveyance on such claims. Because the judicial system lacks jurisdiction over these
claims as they are asserted against the Department, we dismiss the claims regarding the meaning and
application of Texas Occupations Code section 1601.002. We affirm that part of the trial court's
order denying the plea to the jurisdiction concerning appellees' request for a declaratory judgment
regarding the meaning and application of 16 Texas Administrative Code section 82.71. The
trial court may resume its consideration of appellees' claims regarding the validity, applicability, and
constitutionality of section 82.71, as well as any award of attorneys' fees that is authorized and
appropriate.


 

 G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed in part; Reversed and Dismissed in part

Filed: June 10, 2010
1. This determination does not affect appellees' request for a declaration regarding the
meaning and application of the statute in its suit against Kuntz, the executive director. That request
is not before us on appeal as it appears that the trial court did not rule on Kuntz's plea to the
jurisdiction, and Kuntz did not file a notice of appeal.
2. The regulation provides in part as follows:


 The owner of a barbershop or specialty shop and the shop manager in whose
name the shop permit is jointly issued, if different from the owner, shall both be
responsible individually and jointly for ensuring that all persons who work in a shop
are properly licensed at all times. Individuals who do not hold a current license
and/or permit required by the department shall not be allowed to engage in barbering.
Shop owners and shop managers commit an offense in violation of department rules
if an individual with an expired license or permit or no license or no permit engages
in barbering in a shop.


16 Tex. Admin. Code § 82.71(a) (2010).
3. The nature of the review of the regulation that can be conducted in light of the
Department's immunity from suit regarding enforcement of occupations code section 1601.102
is beyond the scope of the issues raised by the parties and of this opinion.
4. We note that the Esquire case was dismissed for lack of jurisdiction because the dispute
was not ripe, not because of any exclusivity concerns or lack of exhaustion of administrative
remedies. See Texas Court Reporters Certification Bd. v. Esquire Deposition Servs., L.L.C.,
240 S.W.3d 79, 93-94 (Tex. App.--Austin 2007, no pet.).
5. The Department argues that this suit was brought to improperly circumvent the
administrative process, citing Atmos Energy Corp. v. Abbott, 127 S.W.3d 852, 859 n.4
(Tex. App.--Austin 2004, no pet.). This Court's observation in that case regarding improper
circumvention was an aside in a footnote commenting on different facts and carrying no dispositive
weight. In that case, Atmos brought suit for declaratory judgment in Travis County against the
attorney general seeking a declaration that might dispose of litigation involving other litigants
brought in a different county. Id. This Court affirmed the trial court's dismissal of the suit because
it was not ripe. Id. at 860. This case is distinct from Atmos in many ways including the following: 
(1) in this case the plaintiffs are not party to the administrative proceeding unlike Atmos, which
was party to both the Travis County suit and the suits in west Texas; (2) in this case the plaintiffs
are alleging that the Department has injured them, unlike the attorney general who had no apparent
role in the controversy alleged by Atmos; and (3) in this case we have a lawsuit and an
administrative proceeding as opposed to lawsuits in different counties. See id. The footnote in
Atmos does not control this appeal.