

Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00927-CV

**CITY OF BENAVIDES**,
Appellant

v.

Celeste M. **PENA**, Ildefonso R. Hernandez, Jr., Ronaldo R. Raymond, Jr., Christopher R. Oliveira, and Dawn Gonzalez,
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-10-196
Honorable Alex William Gabert, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed: March 23, 2011

REVERSED AND RENDERED

Appellees Celeste Pena, Ildefonso Hernandez, Jr., Ronaldo Raymond, Jr., Christopher

Oliveira, and Dawn Gonzalez (collectively "the employees") were employees of the City of

Benavides ("the City") until the City's Mayor, Ernestina Gonzalez, terminated their employment.

After they were terminated by the Mayor, the employees filed suit against the City seeking

injunctive and declaratory relief because they believed the City's Mayor acted beyond her

statutory authority. The City responded by filing a plea to the jurisdiction, asserting that its governmental immunity bars the employees' suit. The trial court, however, denied the City's plea to the jurisdiction and the City brought this interlocutory appeal. On appeal, the City challenges the trial court's ruling that it is not immune from the employees' suit. Because the parties do not dispute the underlying facts and the issues raised on appeal involve the application of well-settled principles of law, we issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4. We reverse the district court's order denying the City's plea to the jurisdiction and render judgment dismissing the employees' suit for want of jurisdiction.

Although the employees' petition does not include the term "*ultra vires*," the employees' suit is, in substance, an *ultra vires* suit because it seeks to require the City's compliance with state statutory provisions. *See Tex. Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258-59 (Tex. 2010) (per curiam) (determining that although the plaintiff's petition did not include the term "*ultra vires*," its allegations and requested declarations were, in substance, *ultra vires* claims and were barred by sovereign immunity under *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009)). The Texas Supreme Court has explained "that suits complaining of *ultra vires* action may not be brought against a governmental unit possessed of sovereign immunity, but must be brought against the allegedly responsible government actor in his [or her] official capacity." *Reconveyance Servs.*, 306 S.W.3d at 258. The record in this case shows that the employees sued the City rather than the responsible government actor in her official capacity—Mayor Gonzalez. Consequently, pursuant to controlling Supreme Court precedent, *see id.* at 258-59; *Heinrich*, 284 S.W.3d at 372-73, we must conclude the trial court erred in denying the City's plea to the jurisdiction because the employees made their claims against the City itself, which retains its governmental immunity under the circumstances, as opposed to the

responsible government actor (Mayor Gonzalez). *See also Wynne v. Lower Colo. River Auth.*, No. 03-10-00402-CV, 2010 WL 5020062, at *2 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.); *City of Dallas v. Turley*, 316 S.W.3d 762, 769-72 (Tex. App.—Dallas 2010, pet. filed).

The trial court's order denying the City's plea to the jurisdiction is therefore reversed and judgment is rendered dissolving the court's temporary injunction and dismissing the employees' suit for want of jurisdiction.

Catherine Stone, Chief Justice