Opinion issued October 13, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-00358-CV

———————————

Ralph O. Douglas, Appellant

V.

American
Title Co.,
Appellee



 



 

On Appeal from the 133rd District Court

Harris County, Texas



Trial Court Case No. 2004-01400

 



 

MEMORANDUM OPINION

Proceeding pro se, inmate Ralph O. Douglas, appeals
the dismissal of his breach of contract suit against American Title Company
(“ATC”).[1]  Because we conclude that the trial court did
not abuse its discretion in dismissing Douglas’s suit, we affirm.  See Tex. Civ. Prac. & Rem. Code §§ 14.001–.014
(West 2002).

Background

In May 1999, Douglas contracted with ATC to perform title
services for several Harris County properties. 
See Douglas v. Amer. Title Co.,
196 S.W.3d 876, 877 (Tex. App.—Houston [1st Dist.] 2006, no pet.)  (citing Douglas
v. Amer. Title Co., No. 01-04-00265-CV, 2005 WL 568290, at *1 (Tex.
App.—Houston [1st Dist.] Mar. 10, 2005, no pet.) (mem. op.)).  Douglas was shortly thereafter indicted for
real-estate fraud,[2] and ATC, at the request of
the Harris County District Attorney’s Office, halted all transactions and real
estate closings involved in Douglas’s fraud.  See id.
 Douglas subsequently (2003) sued ATC for
breach-of-contract related to a property located at 4703 Sauer.  See id.
at 878.  ATC was granted a summary
judgment from which Douglas pursued a restricted appeal that was dismissed by
this Court for lack of subject-matter jurisdiction.  See
Douglas, 2005 WL 568290, at *3.

In January 2004, Douglas filed a second suit against ATC
alleging that ATC had failed to produce mortgage records for 4703 Sauer and
three other properties.[3]  ATC moved to declare Douglas a vexatious
litigant and sought security pursuant to Chapter 11 of the Texas Civil Practice
and Remedies Code.  Id.  The trial court granted
the motion and, when Douglas failed to post the required security, dismissed the
case.  Douglas appealed and this Court
reversed and remanded, concluding that the trial court’s declaration of Douglas
as a vexatious litigant was an abuse of discretion.  See
Douglas, 196 S.W.3d at 883.  

On remand, in response to ATC’s special exceptions, Douglas amended
his petition and the special exceptions were denied.  ATC then moved to dismiss Douglas’ suit pursuant
to Chapter 14’s statutory scheme authorizing dismissal of pro se inmate claims found to be frivolous or
malicious.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(a)(2).  Following an evidentiary hearing, the court granted ATC’s
motion to dismiss and this appeal followed.

Discussion

In two issues, Douglas contends that the trial court’s grant
of ATC’s motion to dismiss pursuant to Chapter 14 was an abuse of discretion
because (1) his claims were neither malicious nor frivolous, and (2) the
court’s denial of ATC’s special exceptions “demonstrated that [Douglas] had a
viable cause of action, that was not frivolous or malicious, [and that
Douglas’s suit was not] based on an indisputable [sic] meritless legal theory”
or “irrational or wholly incredible” factual allegations.  

First, we must acknowledge the trial court’s broad discretion
to dismiss a suit pursuant to Chapter 14 if the court concludes it to be
frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a)(2); Scott v. Gallagher, 209
S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  In determining whether a claim is frivolous
or malicious, the trial court may consider whether (1) the claim’s realistic
chance of ultimate success is slight; (2) the claim has no arguable basis in
law or in fact; (3) it is clear that the party cannot prove facts in support of
the claim; or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(b). 

Although dismissals under Chapter 14 are generally reviewed
for an abuse of discretion, whether a claim has an arguable basis in law is a legal
question that we review de novo.  Scott,
209 S.W.3d at 266; Sawyer v. Tex. Dep’t
of Crim. Justice, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998,
pet. denied).  A claim is without an
arguable basis in law only if based on (1) wholly incredible or irrational
factual allegations, or (2) an indisputably meritless legal theory.  See
Nabelek v. Dist. Attorney of Harris Cnty, 290 S.W.3d 222, 228 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied).

In his amended petition, Douglas contends that ATC had a
“legal duty to produce [his] mortgage records pursuant to the Texas Insurance
Code and U.S.C.A. Title 12, Banks and Banking.” 
Douglas clarifies the legal basis for his claim in a subsequent
pleading.  Specifically, he contends that
his right to sue for the release of the mortgage records derives from article
9.34 of the Texas Insurance Code.

Neither article 9.34, repealed in 2005, nor its successor, section
2704.001, requires a title company to maintain its records for copying and
production.  See Tex. Ins. Code art. 9.34 (West 2003), repealed
by Acts 2003, 78th Leg., ch. 1274, § 26(b)(4), eff. Apr. 1, 2005; Tex. Ins. Code Ann. § 2704.001
(West 2010).  Although both statutes
require title companies to take certain steps prior to issuing a title
insurance policy in Texas, neither statute creates a private cause of action for
a title company’s failure to comply with those provisions.  See
Stewart Title Guar. Co. v. Becker, 930 S.W.2d 748, 750 (Tex. App.—Corpus Christi 1996, writ denied) (refusing to imply private cause of action for
violations of former article 9.34); see
generally Texas
Dep’t of Ins. v. Reconveyance
Servs., Inc., 306 S.W.3d 256, 259 (Tex. 2010) (recognizing that under Texas Title Insurance Act, Texas title insurance industry is
“completely regulate[d]” by Texas Department of Insurance).  Accordingly, Douglas’s claims, based upon an indisputably meritless legal theory,
have no arguable basis in law and the trial court’s dismissal pursuant to Chapter 14 was proper.  See
Spurlock v. Johnson, 94
S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) (stating that dismissal
proper pursuant to Chapter 14 because no private cause of action under Texas
Penal Code).

Douglas’s contention that the
Court’s dismissal is an abuse of discretion because it “was contrary to the
court’s order denying [ATC’s] motion for special exceptions,” is inapposite
because one—the court’s order denying special exceptions with respect to Douglas’s
amended original petition—does not
preclude the other—dismissal as
frivolous or malicious pursuant to Chapter 14. 
Indeed, a point of error as to an abuse of discretion fails because the
trial court has inherent authority to reconsider any interlocutory order at any
time before final judgment.  See Fruehauf Corp. v. Carrillo, 848
S.W.2d 83, 84 (Tex. 1993) (per curiam); H.S.M.
Acquisitions, Inc. v. West, 917 S.W.2d 872, 876–77 (Tex. App.—Corpus
Christi 1996, writ denied).

Conclusion

We affirm the judgment of the trial
court. 

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.











[1]           See Tex.
Civ. Prac. & Rem. Code §§ 14.001–.014 (West 2002) (hereinafter,
“Chapter 14”).





[2]           In
2000, a jury convicted Douglas of theft of property in the aggregate amount of
between $1,000 and $200,000 and, due to enhancement for a prior theft,
sentenced him to life in prison and to a $10,000 fine.  The Fourteenth Court of Appeals affirmed the
judgment on August 29, 2002.  See Douglas v. State, No.
14-00-01226-CR, 2002 WL 1988163 (Tex. App.—Houston [14th Dist.] Aug. 29, 2002,
pet. ref’d) (not designated for publication).





[3]           Douglas’s
original petition is not included in the clerk’s record.