James and Elizabeth **CARLSON**, Jose and Elizabeth Referente, Roger Campodonico, Sergio A. Lopez, Yan Wang and Hui Yao, Daniel and Andrea Seluk, Robert Hutchins, Robert and Kelly Farfan, Bonnie Corbett, Helen Pagola, and Manny Espinola, Appellants,

v.

**CITY OF HOUSTON, Appellee.**

No. 14–08–01044–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 18, 2010.

William C. Ferebee, Robert G. Miller, Houston, for appellants.

Bertrand L. Pourteau, II, Houston, for appellee.

Panel consists of Justices FROST, BOYCE, and SULLIVAN.

## OPINION

WILLIAM J. BOYCE, Justice.

James and Elizabeth Carlson, Jose and Elizabeth Referente, Roger Campodonico, Sergio A. Lopez, Yan Wang, Hui Yao, Daniel and Andrea Seluk, Robert Hutchins, Robert and Kelly Farfan, Bonnie Corbett, Helen Pagola, and Manny Espinola appeal from an order granting the City of Houston's plea to the jurisdiction. We reverse and remand.

## Background

Appellants own residential units at Park Memorial, a condominium complex located at 5292 Memorial Drive in Houston. Park Memorial is governed by Park Memorial Condominium Association, Inc.

In 2007, the Association contracted with three professional engineering companies to investigate the structural integrity of some of the buildings constituting the Park Memorial complex. All three reports expressed concerns regarding the structural integrity of certain buildings. Specifically, the reports expressed concerns that wood and steel support beams were deteriorated and corroded in some of the buildings. The reports recommended replacing the beams and removing the stucco covering on other beams for further testing. One report recommended immediate "shoring" of the corroded beams. Another report stated that if the beams were not properly protected from further corrosion, they would "continue to deteriorate and may eventually fail." None of the reports expressed concerns that the buildings were in danger of immediate collapse.

The City learned of concerns regarding the structural integrity of certain Park Memorial buildings in July 2008. The City subsequently contracted with David Collins, a licensed structural engineer, to independently investigate the structural integrity of the Park Memorial buildings. Collins's report also expressed concerns regarding the structural integrity of some of the Park Memorial buildings due to the corroded beams. Collins's report stated in part as follows:

> [B]uilding units A, B, C, G and H, should be considered an immediate danger to tenants and public safety. The wood structural members have lost [their] structural integrity. The members are water logged, dry rotted and termite infected. Steel members are corroding and have deteriorated.
>
> The parking garage area where the beam(s) have totally deteriorated should not be occupied by cars and/or ten-

ants.... The buildings appear to be structurally sound but in observing the main structural members of any of the buildings; there are serious damages and danger of walls and entire building[s] collapsing.

After reviewing Collins's report, the City issued an order on August 15, 2008 directing all Park Memorial residents to vacate all Park Memorial buildings by September 15, 2008.

The City sent a letter to Park Memorial's residents on August 20, 2008 informing them of their right under City of Houston Building Code section 116 to request an administrative hearing to contest the August 15, 2008 order to vacate. Four of the appellants requested an administrative hearing. The City held an administrative hearing on September 9, 2008 and affirmed the August 15, 2008 order to vacate in a letter dated September 10, 2008. On September 11, 2008, the City extended the deadline to vacate the property until October 1, 2008 due to the approach of Hurricane Ike.

Appellants timely filed a petition for writ of certiorari in district court on October 1, 2008 seeking judicial review of the August 15, 2008 order to vacate.[1] *See* Tex. Local Gov't Code Ann. § 214.0012(a) (Vernon 2008) ("Any owner, lienholder, or mortgagee of record of property jointly or severally aggrieved by an order of a municipality issued under Section 214.001 may file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality."). Appellants also requested a temporary restraining order and a temporary injunction. The dis-

trict court signed an order on October 1, 2008 granting appellants's request for a temporary restraining order.

The City filed its original answer and plea to the jurisdiction on October 8, 2008. Sean Cody filed a plea in intervention on October 13, 2008. The Association filed a petition in intervention on October 14, 2008. Appellants filed their response to the City's plea to the jurisdiction on October 15, 2008, and a supplemental petition for writ of certiorari on October 17, 2008. The district court denied appellants's request for a temporary injunction in an order signed October 31, 2008, and granted the City's plea to the jurisdiction in an order signed November 7, 2008. Appellants timely appealed and now challenge the district court's order granting the City's plea to the jurisdiction.[2]

**Standard of Review**

We review the district court's grant of a plea to the jurisdiction *de novo. Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). In reviewing a plea to the jurisdiction, we do not consider the merits of the underlying claim; we consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *See Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001); *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554–55 (Tex.2000).

A plea to the jurisdiction can challenge the pleadings or the existence of jurisdictional facts. *Miranda,* 133 S.W.3d at 226–27. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction

---

1. Appellants do not seek damages in connection with the August 15, 2008 order to vacate.

2. Appellants also filed an interlocutory appeal on November 5, 2008 challenging the trial court's order denying their request for a temporary injunction. We dismissed the interlocutory appeal as moot.

to hear the case. *Id.* at 226. The reviewing court must (1) examine the allegations in the pleadings; (2) liberally construe them in the plaintiff's favor; and (3) consider the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the district court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Id.* at 226–27.

■ When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties. *Id.* at 227; *Blue,* 34 S.W.3d at 555. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda,* 133 S.W.3d at 228. Under this standard, we credit evidence favoring the non-movant and draw all reasonable inferences in the non-movant's favor. *See id.*

The jurisdictional facts are not in dispute. The issue before us presents a matter of statutory interpretation, which is a pure question of law. *See State v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006). Therefore, we review the district court's order granting the City's plea to the jurisdiction *de novo. See id.*

## Analysis

■ A district court has subject matter jurisdiction to review an administrative order when (1) a statute provides a right of judicial review; or (2) the order adversely affects a vested property right or otherwise violates a constitutional right. *Cont'l Cas. Ins. Co. v. Functional Restoration Assoc.,* 19 S.W.3d 393, 398 (Tex.2000); *Stone v. Tex. Liquor Control Bd.,* 417 S.W.2d 385, 385–86 (Tex.1967). Appellants argue that the district court had two bases for subject matter jurisdiction to consider their petition for writ of certiorari seeking judicial review of the August 15, 2008 order to vacate. First, they rely on Texas Local Government Code section 214.0012. Second, they contend the August 15, 2008 order to vacate adversely affected a vested property right. The City argues that Texas Local Government Code section 214.0012 does not apply here, and that the district court lacks subject matter jurisdiction to review the August 15, 2008 order to vacate under any other basis.

### A. Statutory Right to Judicial Review

■ Texas Local Government Code section 214.001 permits municipalities to enact ordinances addressing buildings that are "dilapidated, substandard, or unfit for human habitation" and to require occupants to vacate such buildings when they pose "a hazard to the public health, safety, and welfare." Tex. Local Gov't Code Ann. § 214.001 (Vernon Supp. 2009).[3] In turn,

3. Section 214.001 provides in part as follows:
   (a) A municipality may, by ordinance, require the vacation, relocation of occupants, securing, repair, removal, or demolition of a building that is:
   (1) dilapidated, substandard, or unfit for human habitation and a hazard to the public health, safety, and welfare;
   (2) regardless of its structural condition, unoccupied by its owners, lessees, or other invitees and is unsecured from unauthorized entry to the extent that it could be entered or used by vagrants or other uninvited persons as a place of harborage or could be entered or used by children; or
   (3) boarded up, fenced, or otherwise secured in any manner if:
   (A) the building constitutes a danger to the public even though secured from entry; or
   (B) the means used to secure the building are inadequate to prevent unauthorized entry or use of the building in the manner described by Subdivision (2).

Texas Local Government Code section 214.0012 provides for judicial review of a municipality's administrative order issued under section 214.001:

> Any owner, lienholder, or mortgagee of record of property jointly or severally aggrieved by an order of a municipality issued under Section 214.001 may file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition must be filed by an owner, lienholder, or mortgagee within 30 calendar days after the respective dates a copy of the final decision of the municipality is personally delivered to them, mailed to them by first class mail with certified return receipt requested, or delivered to them by the United States Postal Service using signature confirmation service, or such decision shall become final as to each of them upon the expiration of each such 30 calendar day period.

*Id.* § 214.0012(a). Appellants predicate the district court's subject matter jurisdiction on section 214.0012(a).

> (b) The ordinance must:
>    (1) establish minimum standards for the continued use and occupancy of all buildings regardless of the date of their construction;
>    (2) provide for giving proper notice, subject to Subsection (b–1), to the owner of a building; and
>    (3) provide for a public hearing to determine whether a building complies with the standards set out in the ordinance.

Tex. Local Gov't Code Ann. § 214.001.

4. Section 214.216 provides as follows:

> (a) To protect the public health, safety, and welfare, the International Building Code, as it existed on May 1, 2003, is adopted as a municipal commercial building code in this state.
> (b) The International Building Code applies to all commercial buildings in a municipality for which construction begins on or after January 1, 2006, and to any alteration, re-

The City responds that section 214.0012 does not establish a right to judicial review in this case because (1) it applies only to orders issued pursuant to section 214.001; and (2) the August 15, 2008 order to vacate was not issued pursuant to section 214.001. The August 15, 2008 order to vacate states that it was issued "[p]ursuant to Section 104.12 of the [City of Houston Building Code]." The City asserts on appeal that it amended building code section 104.12 in January 2008 to authorize issuance of orders to vacate dangerous buildings under authority granted in Texas Local Government Code section 214.216.[4]

As amended in January 2008, building code section 104.12 states in part as follows: "If the use or occupancy of the structure creates a serious and immediate hazard to human life or to property, the building official shall order the use discontinued immediately and may order the structure, or a portion thereof, vacated immediately." Houston, Tex., Ordinance 2008–56 (Jan. 23, 2008).[5]

> modeling, enlargement, or repair of those commercial buildings.
> (c) A municipality may establish procedures:
>    (1) to adopt local amendments to the International Building Code; and
>    (2) for the administration and enforcement of the International Building Code.
> (d) A municipality may review and consider amendments made by the International Code Council to the International Building Code after May 1, 2003.
> (e) A municipality that has adopted a more stringent commercial building code before January 1, 2006, is not required to repeal that code and may adopt future editions of that code.

*Id.* § 214.216 (Vernon 2008).

5. Although the City asserts on appeal that it was acting pursuant to section 214.216 when it issued the August 15, 2008 order to vacate, the ordinance by which building code section 104.12 was amended in January 2008 does

The City argues that sections 214.001 and 214.216 of the Texas Local Government Code are independent sources of authority for municipalities "to order that a dangerous building be evacuated," and that the City is not "compelled to follow the Section 214.001 procedure[ ] to the exclusion of other lawful processes." The City further argues that municipalities can issue orders to vacate under section 214.216 "in an emergent situation, such as the one presented by the facts in this case," and to enforce building codes. The City stated at oral argument that this is the first instance in which it has invoked section 214.216 of the Local Government Code and newly amended section 104.12 of the building code to require occupants to vacate an assertedly dangerous building.

Given these arguments, the issue before us is whether the judicial review procedure established in section 214.0012 applies to the City's August 15, 2008 order to vacate. To determine whether section 214.0012 establishes a right to judicial review, we construe Texas Local Government Code sections 214.001, 214.0012, and 214.216 in light of the Code Construction Act. *See* Tex. Gov't Code Ann. §§ 311.021–311.034 (Vernon 2005).

▌ It is helpful to review some of the ground rules at the outset. Courts must not confine their review of a statute to isolated words, phrases, or clauses, but instead must examine the entire statute. *See Meritor Auto., Inc. v. Ruan Leasing Co.,* 44 S.W.3d 86, 90 (Tex.2001); *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W.3d 591, 593 (Tex.2000); *see*

*also* Tex. Gov't Code Ann. § 311.021(2) (Vernon 2005) ("In enacting a statute, it is presumed that ... the entire statute is intended to be effective[.]"). When two statutes concern the same subject matter, the more specific statute generally controls over the more general statute. Tex. Gov't Code Ann. § 311.026(b) (Vernon 2005). We presume that the legislature intended the entire statute to be effective. *See id.* § 311.021. " '[I]t is settled that every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible.' " *Del Indus., Inc.,* 35 S.W.3d at 593 (quoting *Perkins v. State,* 367 S.W.2d 140, 146 (Tex.1963)). Courts should not adopt a construction that renders the statutory provisions meaningless. *Fleming Foods of Tex. v. Rylander,* 6 S.W.3d 278, 284 (Tex.1999).

Appellants argue that judicial review of the August 15, 2008 order to vacate is available here in light of the rules of construction that apply when statutory provisions are *in pari materia.* Statutes are *in pari materia* when they involve the same subject matter and general purpose. *Jones v. State,* 225 S.W.3d 772, 782 (Tex. App.-Houston [14th Dist.] 2007, no pet.); *see also* BLACK'S LAW DICTIONARY 807 (8th ed. 2004) (*in pari materia* means "[o]n the same subject; relating to the same matter"). Appellants contend that sections 214.001, 214.0012, and 214.216 are *in pari materia.*

To address this argument, we first examine the purpose behind these provi-

---

not refer to section 214.216. The ordinance expressly invokes Texas Local Government Code section 54.004 as statutory authority for the building code amendment adding the language upon which the August 15, 2008 order to vacate was predicated. *See* Houston, Tex., Ordinance 2008–56 (Jan. 23, 2008).

Section 54.004 provides as follows:

A home-rule municipality may enforce ordinances necessary to protect health, life, and property and to preserve the good government, order, and security of the municipality and its inhabitants.

Tex. Local Gov't Code Ann. § 54.004 (Vernon 2008).

sions. *See Jones,* 225 S.W.3d at 782. Sections 214.001, 214.0012, and 214.216 are all part of Texas Local Government Code chapter 214. Section 214.001 permits a municipality to enact an ordinance concerning the "vacation, relocation of occupants, securing, repair, removal, or demolition of a building that is ... dilapidated, substandard, or unfit for human habitation and a hazard to the public health, safety, and welfare[.]" Tex. Local Gov't Code Ann. § 214.001. Section 214.0012 establishes judicial review procedures for orders issued under section 214.001. *See id.* § 214.0012. Section 214.216(a), which became effective on January 1, 2006, adopts the International Building Code as "a municipal commercial building code in this state" to "protect the public health, safety, and welfare...." *Id.* § 214.216(a). We agree with appellants that sections 214.001, 214.0012 and 214.216 are *in pari materia* because they involve the same subject matter relating to conditions of buildings and serve the same general purpose of protecting "the public health, safety and welfare." [6] *See Jones,* 225 S.W.3d at 782.

■ The doctrine of *in pari materia* "provides that '[w]here one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail.'" *Jones,* 225 S.W.3d at 780 (quoting *Burke v. State,* 28 S.W.3d 545, 546–47 (Tex.Crim.App. 2000)). The common law doctrine of *in*

*pari materia* has been codified in the Code Construction Act. *See* Tex. Gov't Code Ann. § 311.026; *Bradley v. State,* 990 S.W.2d 245, 251 (Tex.1999); *Jones,* 225 S.W.3d at 782. Section 311.026 provides as follows:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
>
> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Tex. Gov't Code Ann. § 311.026.

Section 214.216 is a "general provision" that grants municipalities broad authority to administer, enforce, and amend all facets of the International Building Code adopted as "a municipal commercial building code in this state." Tex. Local Gov't Code Ann. § 214.216(a), (c). Section 214.216 contains no specific references to dangerous buildings or orders to vacate. *See id.* In contrast, section 214.001 is a "special provision" that grants municipalities specific authority to order the "vacation, relocation of occupants, securing, repair, removal, or demolition of a building" that is "dilapidated, substandard, or unfit for human habitation and a hazard to the public health, safety, and welfare." *Id.*

---

**6.** As noted earlier, the City invokes section 214.216 on appeal even though the January 2008 amendment to building code section 104.12 expressly references a different statute. There is an additional anomaly in the City's argument. Section 214.216(a) refers to the adoption of the International Building Code "as a municipal commercial building code in this state." Tex. Local Gov't Code Ann. § 214.216(a). In contrast, Texas Local

Government Code section 214.212(a) refers to the adoption of the International Residential Code "as a municipal residential building code in this state." *Id.* § 214.212(a) (Vernon 2008). The City does not explain why the condition of the Park Memorial residential condominium complex relates to "a municipal commercial building code" under section 214.216(a) rather than "a municipal residential building code" under section 214.212(a).

§ 214.001. Section 214.001 contains additional specific requirements that ordinances enacted under section 214.001 must meet.[7] *Id.* Section 214.0012 establishes the specific judicial review procedure to be pursued by owners or other specified interest holders who are "aggrieved by an order of a municipality issued under Section 214.001." *See id.* § 214.0012.

As interpreted by the City, sections 214.001, 214.0012, ·and 214.216 conflict. Section 214.0012 makes judicial review available for an order issued under section 214.001 requiring occupants to vacate a dilapidated building that is "a hazard to the public health, safety, and welfare." According to the City, judicial review is not available for an identical order issued under section 214.216 requiring the same occupants to vacate the same dilapidated building that creates the same hazard.

The City contends that sections 214.001 and 214.216 are independent sources of authority for municipalities "to order that a dangerous building be evacuated," and that it can act under any applicable provision it chooses to invoke. This argument impermissibly renders meaningless the judicial review mechanism established in section 214.0012.

Under the City's argument, municipalities could bypass section 214.0012's judicial review procedures merely by amending the International Building Code under section 214.216 (as the City asserts it has done) to add provisions addressing the "vacation, relocation of occupants, securing, repair, removal, or demolition" of a "dilapidated building." By doing so, municipalities could evade judicial review procedures

mandated for such orders in section 214.0012. This approach is contrary to the Code Construction Act, and it renders section 214.0012 superfluous. *See* Tex. Gov't Code Ann. § 311.021(2) ("In enacting a statute, it is presumed that … the entire statute is intended to be effective[.]").

If statutory provisions conflict, "the provisions shall be construed, if possible, so that effect is given to both." *Id.* § 311.026(a). If the conflict is irreconcilable, "the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b).

Sections 214.001, 214.0012, and 214.216 can be harmonized to give effect to all sections in the circumstances presented in this case, which involve an order to vacate a building that is asserted to be a serious and immediate hazard to human life. These provisions can be harmonized by making an order to vacate a dangerous building issued under section 214.216 subject to section 214.0012's judicial review procedures. Even if it is assumed for argument's sake that the provisions cannot be harmonized, then judicial review still is mandated because the specific provisions in sections 214.001 and 214.0012 control over the general provisions in section 214.216. *See* Tex. Gov't Code Ann. § 311.026(b). The City does not identify any portion of section 214.216 demonstrating a manifest intent that it should prevail over sections 214.001 and 214.0012.

The City argues that section 214.216 creates an exception to section 214.0012's

---

**7.** An ordinance enacted under section 214.001 must:

    (1) establish minimum standards for the continued use and occupancy of all buildings regardless of the date of their construction;

    (2) provide for giving proper notice … to the owner of a building; and

    (3) provide for a public hearing to determine whether a building complies with the standards set out in the ordinance.
*Id.* § 214.001(b).

judicial review mechanism when the order to vacate is issued to enforce its building code "in an emergent situation." The City claims that emergency circumstances necessitated reliance upon section 214.216 here because there was no time for judicial review of the August 15, 2008 order directing the occupants of Park Memorial to vacate. This argument fails because issuance of a writ under section 214.0012(e) "does not stay proceedings on the decision appealed from." *Id.* § 214.0012(e). Therefore, the application of section 214.0012 would not impede a municipality's ability to order occupants to vacate a dangerous building in emergency circumstances under either section 214.001 or section 214.216.

Even assuming that the City's emergency circumstances argument raises a legitimate concern in some situations, the record here does not support the City's assertion that emergency circumstances prompted issuance of the August 15, 2008 order to vacate. The City became aware of concerns about the structural integrity of the Park Memorial buildings in July 2008 but did not issue the order to vacate until August 15, 2008. The order gave residents 30 days to vacate the buildings. On September 11, 2008, the City extended the deadline until October 1, 2008 due to the approach of Hurricane Ike. Hurricane Ike made landfall on Galveston Island on September 13, 2008. The deadline extension as Hurricane Ike approached defeats any claim that an emergency existed at Park Memorial; the City is hard-pressed to suggest that portions of the Park Memorial complex were in danger of immediate collapse but occupants nonetheless were allowed to ride out a hurricane there.

The City next argues that judicial review will hamper enforcement of the City's building code. The August 15, 2008 order to vacate states that it was issued "[p]ursuant to Section 104.12 of the [City of Houston Building Code.]" Building Code section 104.12 refers to a structure "being used contrary to [the City of Houston Building Code] or otherwise in violation of [the City of Houston Building Code]." *See* Houston, Tex., Ordinance 2008–56 (Jan. 23, 2008). The record on appeal and the City's brief identify no provision of the City of Houston Building Code or the International Building Code that was being violated. At oral argument, the City could not identify a provision of either building code that was being violated by the condition of the Park Memorial buildings. The City has not demonstrated that the August 15, 2008 order to vacate relates to the "administration and enforcement of the International Building Code" on this record. Therefore, the City cannot plausibly argue on this record that judicial review will impede building code enforcement.

The City also argues that judicial review of orders to vacate issued under section 214.216 would be burdensome on the district courts: "[I]f every person with an interest in any structure could file suit seeking judicial review of any determination by an inspector that a building did not meet the requirements of the Building Code, trial courts would be overwhelmed." The City's argument is misdirected because it addresses circumstances that are not present in this appeal. Our holding is limited to situations in which the City invokes authority granted under section 214.216 to bypass judicial review of orders requiring occupants to vacate a building that is deemed to be "dilapidated, substandard, or unfit for human habitation and a hazard to the public health, safety, and welfare." We do not address whether section 214.0012 provides a right to judicial review regarding "any determination by an inspector" in connection with enforcement

of a municipal building code in other situations.[8]

## B. Compliance with Section 214.0012

■ Having concluded that section 214.0012 applies to this case, we next determine whether appellants complied with this provision.

In order to properly invoke the jurisdiction of a district court under section 214.0012, a plaintiff must file a verified petition in district court "setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality" within 30 days of receipt of a copy of the final decision of the municipality. Tex. Local Gov't Code Ann. § 214.0012.

After examining the pleadings in this case, we conclude that the pleadings contain sufficient facts to affirmatively demonstrate the district court's jurisdiction under section 214.0012. The City issued a final decision on September 10, 2008 affirming the August 15, 2008 order to vacate. Appellants timely filed a petition for writ of certiorari challenging the City's decision with accompanying affidavits in the district court 21 days later on October 1, 2008. Appellants complied with section 214.0012. Therefore, we conclude that the district court erred in granting the City's plea to the jurisdiction.

We sustain the sole issue on appeal.

### Conclusion

We reverse the district court's order dismissing appellants' case for want of jurisdiction and remand for further proceedings in accordance with this opinion.

---

8. Because we conclude that section 214.0012 applies to this case, we do not address whether the district court had jurisdiction to hear this case based on the contention that the order to vacate adversely affected appellants vested property rights. *See Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.,* 136 S.W.3d 643, 658–59 (Tex.2004).