ACCEPTED
03-15-000428-cv
8380905
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/28/2015 3:39:32 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00428-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/28/2015 3:39:32 PM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE THIRD DISTRICT OF TEXAS
# AT AUSTIN

**BERNARD MORELLO,**
*Appellant,*

**v.**

**THE STATE OF TEXAS,**
*Appellee.*

On Appeal from Cause No. D-1-GV-06-000627
353RD Judicial District Court, Austin, Texas
The Honorable Rhonda Hurley

## APPELLANT'S REPLY BRIEF

**LAPEZE & JOHNS, PLLC**
Keith W. Lapeze
Texas Bar No. 24010176
601 Sawyer Street, Suite 650
Houston, Texas 77007
Tel. (713) 739-1010
Fax. (713) 739-1015
keith@lapezejohns.com

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................1

TABLE OF AUTHORITIES ...............................................................................................2

REPLY POINTS ..................................................................................................................3

A.     Not Only Is *Shook v. Walden* "Germaine" to this Case, but it Precludes Judgment Against Morello in His Individual Capacity ..................3

B.     Based Upon Texas's Canons of Statutory Construction, It Is Clear that the Legislature Did not Intend for an LLC's Members to Incur Personal Liability for the Entity's Violations of Water Code Section 7.102 .......................................................................................................................4

C.     Even Assuming that Water Code Section 7.102 Could Be Construed as Imposing Individual Liability Against Morello, the Doctrine of in Pari Materia Requires the Opposite Construction ...........................................7

PRAYER ............................................................................................................................10

CERTIFICATE OF COMPLIANCE .................................................................................11

CERTIFICATE OF SERVICE ..........................................................................................11

APPENDIX ........................................................................................................................12

1

# TABLE OF AUTHORITIES

## Cases

*Carlson v. City of Houston*,
   309 S.W.3d 579 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ...............6

*Shook v. Walden*,
   368 S.W.3d 604 (Tex. App.—Austin 2012, pet. denied) ....................3-4, 7-8

*Spurck v. Tex. Dep't of Family Protective Servs*.,
   396 S.W.3d 205 (Tex. App.—Austin 2013, no writ) ......................................4

## Rules/Statutes

TEX. HEALTH & SAFETY CODE §361.223(a) (Vernon 1989) (recodified at Tex. Water Code §7.102) ......................................................................................7

TEX. GOV'T CODE ANN. § 311.023(4) (West 2005)...................................................4

TEX. GOV'T CODE ANN. § 311.026 (West 2005) ................................................... 6-7

TEX. HEALTH & SAFETY CODE §247.044 (Vernon 2014) ........................................5

TEX. HEALTH & SAFETY CODE §247.045 (Vernon 2014) ........................................5

TEX. WATER CODE §7.102 (Vernon 2014) ....................................................4, 5, 6, 7

## I.    APPELLANT'S REPLY POINTS

### A.    Not Only Is *Shook v. Walden* "Germaine" to this Case, but it Precludes Judgment Against Morello in His Individual Capacity

Morello's first issue for review posits that the trial court's entry of summary judgment was error for multiple reasons, the first of which is that this Court's opinion in *Shook v. Walden* requires the opposite result.  *See* 368 S.W.3d 604 (Tex. App.—Austin 2012, pet. denied).    In *Shook*, this Court examined whether a member of an LLC could be subject to individual liability in contract based on veil-piercing principles.  *See id*. at 610.  After examining the language of article 4.03 of the Texas Limited Liability Company act ("Article 4.03"), the *Shook* court concluded that such liability could only be imposed upon a showing that the member "used [the LLC] for the purpose of perpetrating and did perpetrate an actual fraud . . . for his 'direct personal benefit.'"  *Id*. at 622.

In its brief, the State acknowledges that it failed to present such proof in support of its summary judgment motion.  (State's Brief at 26.)   The State nevertheless argues that "*Shook* is simply not germane."   According to the State, this is because *Shook* only governs LLC member liability where a plaintiff seeks to impose such liability through veil piercing as opposed to a situation where individual liability applies under a statute such as Texas Water Code section 7.102.

But this reading of *Shook* is impermissibly narrow given that under the statute applicable in this case and *Shook* (i.e., Article 4.03), the corporate veil acts

to shield LLC members from **all** "debts, obligations, or liabilities of [the] LLC."

*See Shook*, 368 S.W.3d at 613 (reciting language of Article 4.03(A)). Indeed, and

as the *Shook* court noted, Article 4.03(C) goes even further, mandating that "[a]

member of a limited liability company **is not a proper party** to proceedings by or

against a limited liability company." *See id* (emphasis added). Thus, *Shook* stands

for the proposition that, absent proof that an LLC was used to perpetrate a fraud,

Article 4.03 protects the member from **any liability** arising from action taken on

behalf of the LLC. This includes any liability arising under Texas Water Code

7.102. Thus, and contrary to the State's arguments, *Shook* is not only germane to

this case, but it is dispositive and requires reversal of the trial court's summary

judgment.

> **B. Based Upon Texas's Canons of Statutory Construction, It Is Clear that the Legislature Did not Intend for an LLC's Members to Incur Personal Liability for the Entity's Violations of Water Code Section 7.102**

With respect to Morello's argument that Article 4.03 shields LLC members

from liability, the State also contends that the Texas Legislature did not intend for

Article 4.03 to shield LLC members from the general liability provision of Water

Code section 7.102. (State's Brief at 27-28.) While the State provides no

argument or analysis supporting this claim of legislative intent, strong evidence

exists that the Texas Legislature did not intend for Water Code section 7.102 to

impose liability on the members of an LLC.

4

When ascertaining the legislative intent behind a statutory provision, a court may consider many factors one of which is "common law or former statutory provisions, ***including laws on the same or similar subjects***." *See* TEX. GOV'T CODE ANN. § 311.023(4) (West 2005) (emphasis added); *Spurck v. Tex. Dep't of Family Protective Servs*., 396 S.W.3d 205, 217 (Tex. App.—Austin 2013, no writ). The instant case constitutes a statutory enforcement action allowing injunctive relief and civil penalties relating to hazardous waste disposal pursuant to Texas Water Code sections 7.105 and 7.102. Chapter 247 of the Texas Health and Safety Code governs licensing of assisted living facilities. Like chapter 7 of the Water Code, Chapter 247 allows the State to bring a statutory enforcement action allowing injunctive relief and civil penalties relating to violations of the act. *See* TEX. HEALTH & SAFETY CODE §§ 247.044, 247.045 (Vernon 2014). Thus, referenced provisions of the Water Code and Health and Safety Code include laws on similar subjects: civil penalties through state enforcement actions.

Section 247.045(a) of the Health and Safety Code provides that "a person who violates this chapter or fails to comply with a rule adopted under this chapter . . . is subject to a civil penalty of not less than $100 nor more than $10,000 for each act of violation." If the "person" in violation is an LLC, the Legislature specifically ensured that it could hold the entity's individual members liable by including the following language in Section 247.045(h):

If a person who is liable under this section fails to pay any amount the person is obligated to pay under this section, the state may seek satisfaction from any owner, other controlling person, or affiliate of the person found liable.

By contrast, Texas Water Code section 7.102 does not demonstrate an intent by the Legislature to create individual liability against an LLC's members. This section provides as follows:

. . . . A person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit relating to any other matter within the commission's jurisdiction to enforce . . . shall be assessed for each violation a civil penalty not less than $50 nor greater than $25,000 for each day of each violation as the court or jury considers proper.

TEX. WATER CODE §7.102 (Vernon 2012).

Had the Legislature intended section 7.102 to create liability on the part of members of an LLC for the liability incurred by the LLC, it could have clarified this intent as in section 247.045(h) of the Health and Safety Code. Nevertheless, the Water Code contains no other provision providing such clarification. The only thing that the State can point to is the "catch all" definition of "person" contained in section 311.005 of the Government Code: "'Person' includes corporation, organization, government, or governmental subdivision or agency, business trust, estate, trust, partnership, association, or any other legal entity." Even assuming that this term refers to "natural persons" as the State contends, the legislature's failure to extend this definition to LLC members—as it did in in Health and Safety Code section 247.045(h)—evinces an intent that Water Code section 7.102 does

6

not apply to LLC members.

**C. Even Assuming that Water Code Section 7.102 Could Be Construed as Imposing Individual Liability Against Morello, the Doctrine of *in Pari Materia* Requires the Opposite Construction**

Assuming arguendo that Water Code section 7.102 can be construed as imposing individual liability against members of an LLC, the doctrine of *in pari materia* precludes such an interpretation. This doctrine provides that "'[w]here one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail.'" *Carlson v. City of Houston*, 309 S.W.3d 579, 586 (Tex. App.—Houston [14th Dist.] 2010, no pet.). This doctrine has been codified at section 311.026 of the Texas Government Code and provides as follows:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

If the Court construes section 7.102 as imposing individual liability against members of an LLC as the State contends, the statute is irreconcilable with Article 4.03, such that the Court must conduct an analysis under Government Code section

311.026(b). Applying this statutory cannon of construction requires a holding that Water Code section 7.102 does not impose personal liability against the member of an LLC. Specifically, section 7.102 provides as follows:

> . . . . A person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit relating to any other matter within the commission's jurisdiction to enforce . . . shall be assessed for each violation a civil penalty not less than $50 nor greater than $25,000 for each day of each violation as the court or jury considers proper.

TEX. WATER CODE §7.102 (Vernon 2012). Water Code Section 7.102 was initially enacted in substantial form under Texas Health and Safety Code section 361.223(a) and was passed into law by the 71st Texas Legislature effective September 1, 1989. (Apdx. 1.) On September 1, 1997, the 75th Legislature of Texas re-codified Texas Health and Safety Code section 361.223(a) under Texas Water Code section 7.102 where it remains today in substantial form. (Apdx. 2.) Thus, the provisions of Water Code section 7.102 have been Texas law since at least September 1, 1989.

Subsequent to the Legislature's enactment of section 7.102 and its predecessor, "the Texas legislature, for the first time, authorized the creation of limited liability companies through its 1991 enactment of the Texas Limited Liability Company Act." *Shook v. Walden*, 368 S.W.3d 604, 613 (Tex. App.—Austin 2012, pet. denied). As discussed supra, "[f]ormer LLC Act article 4.03 specified that '[e]xcept as and to the extent the regulations [of the LLC]

specifically provide otherwise, a member or manager is not liable for the debts, obligations or liabilities of a limited liability company including under a judgment decree, or order of a court.'" *Id*. (citing Act of May 25, 1991, 72d Leg., R.S., ch. 901, § 42, art. 4.03, 1991 Tex. Gen. Laws 3203 (amended 2003).

Thus, and under the State's construction (upon which the trial court agreed and granted summary judgment), Water Code section 7.102 acts as a general provision of law broadly imputing liability to any corporation, partnership, limited liability company and its officers, directors, partners, members, managers, or employees that violate any one of the myriad statutes or rules within the TCEQ's jurisdiction. Conversely, section 4.103(A) is a "special provision" enacted **after** section 7.102 which specifically shields members or managers from any type of liability attributable to a limited liability company—including liability related to judgments or court orders.

Accordingly, the specific provision of section 4.03(A) (which specifically shields **members/managers of LLC's** from liability incurred by the LLC) conflicts with the general provision of Water Code section 7.102 (which broadly renders **any person** liable for violation of regulatory rules and statutes enforced by the TCEQ). Because of this conflict, Government Code section 311.026 mandates that Article 4.03 prevails. In rendering summary judgment for the State, however, the trial court, misapplied Texas law, rejected Morello's affirmative defense under

A 4.03, and imposed individual liability against Morello based on section 7.102. For this reason, the trial court's summary judgment was error and must be reversed.

## PRAYER

Based on the above, Morello asks this Court to reverse the trial court's final summary judgment order in this case and either render a take-nothing judgment against the State or, alternatively, remand the case for a new trial. Morello also asks this Court for any additional relief to which he may be entitled.

Respectfully submitted,

LAPEZE & JOHNS, P.L.L.C.

By:_____
Keith W. Lapeze
Texas Bar No. 24010176
Taylor L. Shipman
Texas Bar No. 24079323
601 Sawyer Street, Suite 650
Houston, Texas 77007
Tel. (713) 739-1010
Fax. (713) 739-1015
keith@lapezejohns.com
taylor@lapezejohns.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing Brief of Appellant, filed on December 28, 2015, was prepared with Microsoft Word for Windows and that, according to that

program's word-count function, the sections covered by Texas Rule of Appellate Procedure 9.4(i)(1) contain 2323 words.

_____
Keith Lapeze

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to Appellant's Counsel by *the electronic filing manager,* pursuant to the Texas Rule of Appellate Procedure 9.5(b)(1), on this 28th day of December 2015.

***VIA Facsimile***
Craig Pritzlaff
Assistant Attorney General
P.O. Box 12548, MC-066,
Austin, TX 78711

_____
Keith Lapeze

# Appendix

**Tab 1:**       TEX. HEALTH & SAFETY CODE §361.223(a) (Vernon 1989) (recodified at Tex. Water Code §7.102)

**Tab 2:**       TEX. WATER CODE §7.102 (Vernon 1997)

# TAB 1

V.T.C.A., Health & Safety Code § 361.223
VERNON'S TEXAS STATUTES AND CODES ANNOTATED
HEALTH AND SAFETY CODE
**TITLE 5. SANITATION AND ENVIRONMENTAL QUALITY**
SUBTITLE B. SOLID WASTE, SEWAGE, AND LITTER
**CHAPTER 361. SOLID WASTE DISPOSAL ACT**
SUBCHAPTER G. ENFORCEMENT; CRIMINAL AND CIVIL PENALTIES

§ 361.223. Civil Penalties

(a) A person may not cause, suffer, allow, or permit the collection, storage, handling, transportation, processing, or disposal of solid waste or the use or operation of a solid waste facility to store, process, or dispose of solid waste or to extract materials under Section 361.092 in violation of this chapter or a rule, permit, license, or other order of the department or commission, or a county or a political subdivision exercising the authority granted by Section 361.165 in whose jurisdiction the violation occurs.

(b) Any person who violates any provision of this chapter or any rule, permit, license, or order of the department or commission, or a county or a political subdivision exercising the authority granted by Section 361.165 in whose jurisdiction the violation occurs is subject to a civil penalty of not less than $100 or more than $25,000 for each act of violation and for each day of violation, as the court may deem proper, to be recovered in the manner provided by this section.

(c) A civil penalty recovered in a suit first brought by a local government or governments under this chapter shall be equally divided between the state and the local government or governments that first brought the suit, and the state shall deposit its recovery to the credit of the general revenue fund.

(d) The penalties imposed under this section do not apply to failure to pay a fee under Sections 361.134-361.136 or failure to file a report under Section 361.035. Subsection (c) does not apply to interest and penalties imposed under Section 361.137.

1990 Main Volume Credit(s)

Acts 1989, 71st Leg., ch. 678, § 1, eff. Sept. 1, 1989.

AMENDMENT BY ACTS 1989, 71ST LEG., CH. 639, § 2

<See note following § 361.228.>

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

1990 Main Volume Historical and Statutory Notes

Prior Law:
  Acts 1969, 61st Leg., p. 1320, ch. 405.
  Acts 1977, 65th Leg., p. 2337, ch. 870, § 2.
  Acts 1981, 67th Leg., p. 3170, ch. 831, §§ 1 to 8, 10.
  Acts 1983, 68th Leg., p. 2947, ch. 503, § 3.
  Acts 1985, 69th Leg., ch. 795, § 1.166.
  Acts 1985, 69th Leg., ch. 931, art. 8, § 4.
  Acts 1987, 70th Leg., ch. 279, § 11.

Vernon's Ann.Civ.St. art. 4477-7, §§ 8(a)(1), (2), (9); 8(i).

**End of Document**                                        © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# TAB 2

V.T.C.A., Water Code § 7.102
VERNON'S TEXAS STATUTES AND CODES ANNOTATED
WATER CODE
**TITLE 2. WATER ADMINISTRATION**
SUBTITLE A. EXECUTIVE AGENCIES
**CHAPTER 7. ENFORCEMENT**
SUBCHAPTER D. CIVIL PENALTIES

§ 7.102. Maximum Penalty

A person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit relating to Chapter 18, 32, 33, or 34 of this code or Chapter 366, 371, or 372, Health and Safety Code, shall be assessed for each violation a civil penalty not less than $50 nor greater than $5,000 for each day of each violation as the court or jury considers proper. A person who causes, suffers, allows, or permits a violation of a statute, rule, order, or permit relating to any other matter within the commission's jurisdiction to enforce, other than violations of Chapter 11, 12, 13, 16, or 36 of this code, or Chapter 341, Health and Safety Code, shall be assessed for each violation a civil penalty not less than $50 nor greater than $25,000 for each day of each violation as the court or jury considers proper. Each day of a continuing violation is a separate violation.

CREDIT(S)

1997 Electronic Pocket Part Update

Added by Acts 1997, 75th Leg., ch. 1072, § 2, eff. Sept. 1, 1997.

HISTORICAL AND STATUTORY NOTES

1997 Electronic Pocket Part Update

1997 Legislation

For application provision of Acts 1997, 75th Leg., ch. 1072, see notes following V.T.C.A., Water Code § 7.051.

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.