**AFFIRM; and Opinion Filed June 28, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01059-CV

### KAUFMAN COUNTY COMMISSIONERS COURT, THE HONORABLE BRUCE WOOD, COUNTY JUDGE IN HIS OFFICIAL CAPACITY, MIKE HUNT, COUNTY COMMISSIONER IN HIS OFFICIAL CAPACITY, SKEET PHILLIPS, COUNTY COMMISSIONER IN HIS OFFICIAL CAPACITY, TERRY BARBER, COUNTY COMMISSIONER IN HIS OFFICIAL CAPACITY, JACKIE ALLEN, COUNTY COMMISSIONER IN HIS OFFICIAL CAPACITY, Appellants
### V.
### EARL LASSITER AND SUE LASSITER, Appellees

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 100368-CC2**

## MEMORANDUM OPINION
Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Schenck

Earl and Sue Lassiter sued the Kaufman County Commissioners Court, and the individual Commissioners and the County Judge, in their official capacities, (collectively the "Commissioners") over a dispute concerning the maintenance of a section of road located within Kaufman County. The Commissioners filed a plea to the jurisdiction arguing that governmental immunity barred the Lassiters' claims. The trial court denied the Commissioners' plea. In two issues, the Commissioners challenge the jurisdiction of the statutory county court to consider the dispute at issue in this case and claim there has been no waiver of immunity from suit. We affirm

the trial court's order denying the Commissioners' plea. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

The Lassiters purchased property in Kaufman County in 2015. The only access to and egress from the property is Kaufman County Road 273. Over time, the road deteriorated and came to a state of disrepair. The Lassiters complained to the County Commissioners claiming Kaufman County is responsible for maintaining the road all the way to their property. The Commissioners disagreed with the Lassiters and asserted Kaufman County's obligation to maintain the road ends approximately one hundred feet shy of the Lassiters' property. After receiving the Lassiters' complaint, the Commissioners caused a sign (the "Sign") to be erected approximately 100 yards prior to where County Road 273 meets the Lassiters' property stating **KAUFMAN COUNTY ROAD MAINTENANCE ENDS**.

On July 30, 2018, the Lassiters filed suit against the Commissioners in the district courts of Kaufman County. The District Clerk assigned the case to County Court at Law No. 2. In their petition, the Lassiters allege that the road leading to their property is a public road and claim Kaufman County is responsible for the maintenance of the road and that the Commissioners Court may not discontinue maintenance of the road before a new road is ready to replace it. TEX. TRANSP. CODE ANN. § 251.051(c). By their suit, the Lassiters do not seek monetary damages; rather, they seek an injunction pursuant to section 251.058(a)(2) of the transportation code, which entitles a person to relief if "the portion of the road being closed, abandoned, and vacated provides the only ingress to or egress from the person's property." *Id.* § 251.058(a)(2). They request an injunction requiring the Commissioners to take down the Sign and continue to maintain County Road 273 all the way to their property. They further seek a declaration that sections 251.051(c) and 251.058(a)(2) of the transportation code collectively require Kaufman County to continue to

–2–

maintain County Road 273 all the way to the their property until a replacement road is ready to replace the road. The Lassiters attached to their petition the affidavit of Earl Lassiter verifying two photographs he took along County Road 273. The Lassiters also attached copies of deeds, Commissioners Court minutes, and a County surveyor's sketch to their petition.

The Commissioners filed a plea to the jurisdiction, and, in the alternative, an original answer. The trial court denied the Commissioners' plea, and the Commissioners filed this interlocutory appeal.

### DISCUSSION

In their first issue, the Commissioners urge the county court at law lacked subject matter jurisdiction over this case. We review an order denying a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). The Commissioners' first issue turns on the statutory construction of government code provisions governing statutory county courts; and thus, likewise presents a legal question that we review de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008).

The Commissioners first urge that section 25.1312(a) of the government code, applicable specifically to the Kaufman County Courts at Law, adds to the jurisdiction of section 25.0003(a), which applies generally to all statutory county courts, and that section 25.0003(b) meanwhile exempts from the statutory county courts' jurisdiction cases involving a road dispute with the Commissioners Court. TEX. GOV'T CODE ANN. §§ 25.0003(a), (b), 25.1312(a).

In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired. GOV'T § 311.011(b). Otherwise, we construe the statute's words according to their plain and common meaning, *Texas Department of Transportation v. City of Sunset Valley*, 146 S.W.3d

637, 642 (Tex. 2004), unless a contrary intention is apparent from the context, *Taylor v. Firemen's and Policemen's Civil Service Commission of City of Lubbock*, 616 S.W.2d 187, 189 (Tex. 1981), or unless such a construction leads to patently absurd results. *Univ. of Tex. S.W. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 (Tex. 2004). When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language. *See St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997).

Chapter 25 of the government code provides broad rules governing statutory county courts. *See* GOV'T §§ 25.0001–25.2625. Subchapter A contains general provisions that apply to each statutory county court in Texas and specifies that if a provision of subchapter A conflicts with a specific provision for a particular court or county, the specific provision controls. *Id.* § 25.0001(a); *see also* GOV'T § 311.026 (stating similar rule in Code Construction Act); *Brennan v. State*, 334 S.W.3d 64, 69–70 (Tex. App.—Dallas 2009, no pet.) (concluding specific provision applicable to a Kaufman County Court at Law controlled over general provisions). Subchapter C contains provisions relating to particular counties. GOV'T §§ 25.0041–25.2512. Section 25.1312 contains provisions applicable only to the Kaufman County Courts at Law. *Id.* § 25.1312.

Section 25.0003 of the government code addresses the jurisdiction of all statutory county courts, and provides, in part, "[a] statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts" and that "[a] statutory county court does not have jurisdiction over causes and proceedings concerning *roads*, bridges, and public highways . . . ." *Id.* § 25.0003(a), (b) (emphasis added). That provision was originally enacted and became effective in 1987 and applied universally to all statutory county courts. Acts 1987, 70th Leg., ch. 148, § 4.01, eff. Sept. 1, 1987.

In 1993, the Legislature enacted section 25.1312 of the government code, which became effective on January 1, 1995. Acts 1993, 73rd Leg., ch., 197, § 1, eff. Jan. 1, 1995. Section

25.1312 applies solely to the Kaufman County Courts at Law, and currently provides, in relevant part, that "*[i]n addition to* the jurisdiction provided by Section 25.0003 and other law, a statutory county court in Kaufman County has, except as limited by Subsections (b) and (b-1), the jurisdiction provided by the constitution and general law for district courts." GOV'T § 25.1312(a) (emphasis added). Subsection b provides, "[a] statutory county court in Kaufman County does not have jurisdiction of: (1) felony cases involving capital murder; (2) suits on behalf of the state to recover penalties or escheated property; (3) misdemeanors involving official misconduct; or (4) contested elections." *Id.* § 25.1312(b). Subsection b-1 provides, "[t]he County Court at Law No. 2 of Kaufman County does not have jurisdiction of civil cases in which the amount in controversy exceeds the limit described by Section 25.0003(c)(1)[, which is $200,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs]." *Id.* § 25.1312(b-1).

Because this case concerns the jurisdiction of a Kaufman County Court at Law, section 25.1312 controls. *See Brennan*, 334 S.W.3d at 70. Because the Lassiters' suit is not a felony case involving capital murder, is not a suit on behalf of the state to recover penalties or escheated property or a misdemeanor involving official misconduct, does not concern a contested election, and is not a case in which the amount in controversy exceeds $200,000, subsections b and b-1 do not apply, and the Kaufman County Courts at Law, in addition to the jurisdiction provided by section 25.0003 and other law, has the jurisdiction provided by the constitution and general law for district courts.[1]

The Commissioners contend that notwithstanding the enactment of section 25.1312, and the breadth of a district court's jurisdiction, government code section 25.0003(b), separately, and

---

[1] Article 5, Section 8 of the Texas Constitution provides, in part, that "[t]he District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." TEX. CONST. art. 5, § 8. In keeping with this constitutional mandate, the Legislature has given district courts "appellate jurisdiction and general supervisory control over the commissioners court, with the exceptions and regulations prescribed by law." GOV'T § 24.020.

by its force of general application to all county courts at law, precludes the Kaufman County Courts at Law from exercising jurisdiction over this case because it involves a road. For the reasons set forth herein, we disagree with the Commissioners.

In enacting section 25.1312, the Legislature sought to expand the jurisdiction of the Kaufman County Courts at Law. This is evident by the Legislature use of the terms "*in addition to* the jurisdiction provided in section 25.0003 and other law." *See* GOV'T § 25.1312(a) (emphasis added). Moreover, section 25.1312 specifically states that "*except as limited by Subsections (b) and (b-1)*, [a statutory county court in Kaufman County has] the jurisdiction provided by the constitution and general law for district courts." *Id.* (emphasis added). Jurisdiction over causes and proceedings concerning roads is not included in the exclusions of subsection (b) or (b-1). *Id.* § 25.1312(b), (b-1). Moreover, in subsection (b-1), the Legislature specifically identified the limitation set forth in section 25.0003(c), which deals with civil cases and certain appeals, as an exclusion from Kaufman County Court at Law No. 2's jurisdiction. *Id.* § 25.1312(b-1). Had the Legislature likewise intended to include section 25.0003(b)'s limitation concerning roads as an exclusion from the Kaufman County Courts at Law's jurisdiction, it would have referenced that section in section 25.1312. *See Centerpoint Builders GP, LLC v. Trussway, Ltd.*, 496 S.W.3d 33, 36 (Tex. 2016) ("We 'presume' the Legislature deliberately and purposefully selects words and phrases it enacts, as well as deliberately and purposefully omits words and phrases it does not enact."). Having chosen not to do so indicates the Legislature's intent not to restrict the Kaufman County Courts at Law's jurisdiction as it respects roads. *See City of Dallas v. Yarbrough*, 399 S.W.2d 938, 940 (Tex. App.—Dallas 1966, no writ) (the maxim *expression unius est exclusion alterius* (the specification of one thing is exclusive of another) applies).

Next, citing government code sections 25.0004(f) and 25.1312(m),[2] the Commissioners urge that even if the Kaufman County Court at Law No. 2 had jurisdiction over this case, the trial judge lacked authority to hear it. Consequently, urges the Commissioners, allowing the county court at law to exercise jurisdiction over a road dispute would lead to the absurd result that the judge would have to recuse himself and assign a district court judge to hear the case. The Commissioners' contention presupposes that section 25.0004(f) applies to the judges of the Kaufman County Courts at Law notwithstanding the enactment of section 25.1312. The Commissioners' positon fails to persuade.

Section 25.0004(f) is a general provision governing statutory county courts. It sets forth the powers and duties of a statutory county court and its judge and provides that a judge of a statutory county court does not have general supervisory control or appellate review of the commissioners court. GOV'T § 25.0004(f). Subsection (f) was enacted in 2011 and became effective in 2012. As originally enacted, section 25.1312(b), applicable to the Kaufman County Courts at Law, provided, "[a] statutory county court in Kaufman County *does not have general supervisory control or appellate review of the commissioners court* or jurisdiction of: (1) felony cases involving capital murder; (2) suits on behalf of the state to recover penalties or escheated property; (3) misdemeanors involving official misconduct; or (4) contested elections. *Id.* § 25.1312(b). In 2011, during the same session in which the Legislature enacted section 25.0004(f), the Legislature deleted the provision providing a statutory county court in Kaufman County "does not have general supervisory control or appellate review of the commissioners court" from subsection b. Acts 2005, 79th leg., ch. 776, § 2, eff. Sept. 1, 2005. Now subsection b reads, "[a] statutory county court in Kaufman County does not have jurisdiction of: (1) felony cases

_____

[2] Section 25.1312(m) provides that in matters of concurrent jurisdiction the judge of a Kaufman County statutory county court and district court may exchange benches and assign each other to hear cases. *Id.* § 25.1312(m)

–7–

involving capital murder; (2) suits on behalf of the state to recover penalties or escheated property; (3) misdemeanors involving official misconduct; or (4) contested elections. GOV'T § 25.1312(b).[3]

Section 25.0001(a) provides, "[i]f a provision of this subchapter conflicts with specific provision for a particular court or county, the specific provision controls." *Id.* § 25.0001(a). The specific provision contained in section 25.1312(a) defines the jurisdiction of Kaufman County Courts at Law and controls over a general provision. *See Brennan*, 334 S.W.3d at 70. In order for section 25.0004(f) to prevail over the fairly broad grant of power conferred on the Kaufman County Court at Law, there must be a manifest intent that the general provision prevail. *Carlson v. City of Houston*, 309 S.W.3d 579, 587 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Given section 25.1312(a) provides the Kaufman County Courts at Law with concurrent jurisdiction with the district court, which has supervisory control over the Commissioners Court, limited solely by the factors listed in subsections (b) and (b-1), and the fact that the Legislature eliminated the provision precluding the Kaufman County Courts at Law from exercising general supervisory control or appellate review of the Commissioners Court, we conclude the Legislature intended to confer upon the Kaufman County Courts at Law the authority to exercise supervisory control over the Commissioners Court, notwithstanding the Legislature's decision to restrict judges in other statutory county courts in this regard. Had the Legislature intended otherwise, it would have merely retained the restriction in section 25.1312(b).

We conclude section 25.1312, being the more specific and later in in time, controls any question of jurisdiction in this case and that sections 25.0003(b) and 25.0004(f) do not apply to the Kaufman County Courts at Law. Accordingly, we overrule the Commissioners' first issue.

---

[3] The Commissioners postulate that the Legislature enacted section 25.0004(f) to apply to all judges of the statutory courts, rather than continue to place it piecemeal in multiple statutes relating to individual statutory county courts, but do not support this contention with any authority. Nor have we found any.

In their second issue, the Commissioners claim Kaufman County Court at Law No. 2 erred in denying their plea to the jurisdiction. In particular, the Commissioners argue the Lassiters cannot establish a valid waiver of immunity in this case because sovereign immunity was not waived under the Declaratory Judgment Act or under the transportation code, and the facts do not support the Lassiters' *ultra vires* claim against the Commissioners Court.

Governmental immunity is a common-law doctrine. It applies to political subdivisions of the State, while the immunity of the State itself is referred to as sovereign immunity. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). "When performing governmental functions, political subdivisions derive governmental immunity from the state's sovereign immunity." *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) (footnote omitted). Governmental immunity comprises both immunity from liability and immunity from suit. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). "Immunity from liability protects entities from judgment while immunity from suit deprives courts of jurisdiction over suits against entities unless the Legislature has expressly consented . . . ." *Id.* "[W]aivers of sovereign immunity or consent to sue governmental entities must generally be found in actions of the Legislature." *Id.* The Legislature can waive a political subdivision's governmental immunity. *See id.* at 374.

In this case, the Lassiters seek a declaration that the Commissioners are to continue to maintain County Road 273 all the way to the Lassiters' property until a replacement road is ready to replace County Road 273, and an injunction ordering the Commissioners to take down the Sign and requiring them to continue to maintain County Road 273 all the way to the Lassiters' property.

The Declaratory Judgments Act waives governmental immunity against claims that a statute or ordinance is invalid. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). The Act does not waive immunity against claims seeking a declaration of the claimant's statutory rights or an interpretation of an ordinance. *Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 621

(Tex. 2011) (declaration of rights); *City of Dallas v. Tex. EZPAWN, LP*, No. 05-12-01269-CV, 2013 WL 1320513, at \*2–3 (Tex. App.—Dallas Apr. 1, 2013, no pet.) (mem. op.) (interpretation of ordinance). The Act also does not waive a governmental entity's immunity against a claim that government actors have violated the law. *Heinrich*, 284 S.W.3d at 372–73.

But immunity does not bar a suit for prospective injunctive relief remedies in official-capacity suits against government actors who violate statutory or constitutional provisions. *Id.* at 373–77. Suits to require state officials to comply with statutory or constitutional provision are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. *Id.*; *Tex. Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258 (Tex. 2010) (citing *Heinrich*, 284 S.W.3d at 372)). This is known as the *ultra vires* exception to immunity. *Reconveyance Servs.*, 306 S.W.3d at 258. This rule "derives from the premise that the acts of officials which are not lawfully authorized are not acts of the State." *Heinrich*, 284 S.W.3d at 373 (quoting *Cobb v. Harrington*, 190 S.W.2d 709, 712 (Tex. 1945)). To fall within the *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Heinrich*, 284 S.W.3d at 372.

In this case, the Lassiters' seek declaratory and injunctive relief against the Commissioners Court and county officials seeking to require them to comply with their obligation to maintain public roads. While the Lassiters and the Commissioners disagree about the classification of a portion of the road leading to the Lassiters' property, the Lassiters are seeking to force them to follow the law as they construe it. Accordingly, the Lassiters' allegations and request for a declaration and an injunction are *ultra vires* claims that may be maintained against the county officials. *See Heinrich*, 284 S.W.3d at 371. As to the Commissioners Court, the government code gives the county court at law, with few exceptions, concurrent jurisdiction with the district court.

GOV'T § 25.1312(a). The Texas Constitution and the government code give a district court appellate jurisdiction and general supervisory control over the County Commissioners Court. *Camacho v. Samaniego*, 831 S.W.2d 804, 808 (Tex. 1992) (citing TEX. CONST. art. V, § 8, and GOV'T § 24.020)). Accordingly, the Commissioners Court is likewise not immune from suit in this case. We overrule the Commissioners' second issue.

## CONCLUSION

We conclude Kaufman County Court at Law No. 2 has subject-matter jurisdiction over the Lassiters' claims and there has been a waiver of immunity. Accordingly, we affirm the trial court's order denying the Commissioners' plea to the jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

181059F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KAUFMAN COUNTY
COMMISSIONERS COURT, THE
HONORABLE BRUCE WOOD,
COUNTY JUDGE IN HIS OFFICIAL
CAPACITY, MIKE HUNT, COUNTY
COMMISSIONER IN HIS OFFICIAL
CAPACITY, SKEET PHILLIPS,
COUNTY COMMISSIONER IN HIS
OFFICIAL CAPACITY, TERRY
BARBER, COUNTY COMMISSIONER
IN HIS OFFICIAL CAPACITY, JACKIE
ALLEN, COUNTY COMMISSIONER IN
HIS OFFICIAL CAPACITY, Appellants

No. 05-18-01059-CV        V.

EARL LASSITER AND SUE LASSITER,
Appellee

On Appeal from the County Court at Law
No. 2, Kaufman County, Texas
Trial Court Cause No. 100368-CC2.
Opinion delivered by Justice Schenck.
Justices Brown and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the order of the trial court denying appellants' plea to the jurisdiction is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 28th day of June 2019.